**UNITED STATES of America, Appellee,**

v.

**Roy Francis VAN HORN, Appellant.**

No. 86–1544.

United States Court of Appeals,
Eighth Circuit.

Submitted July 10, 1986.

Decided Aug. 19, 1986.

David D. Butler, Des Moines, Iowa, for appellant.

Guy R. Cook, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before McMILLIAN, ARNOLD, and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

The question presented is the constitutionality of 18 U.S.C. § 3146(b). This statute fixes the punishment for persons convicted of knowingly failing to appear before a court as required by the conditions of their release, or knowingly failing to surrender for service of sentence pursuant to a court order. The statute fixes maximum terms of imprisonment, depending on the gravity of the charge that was pending when the knowing failure to appear or surrender took place. It then provides that any "term of imprisonment imposed pursuant to this section shall be consecutive to the sentence of imprisonment for any other offense." We are asked to declare the statute invalid because it violates the separation-of-powers doctrine by encroaching on the proper sphere of the courts, because it is a bill of attainder, and because it works a deprivation of liberty without due process of law. We reject these challenges and hold that the statute is within the power of Congress.

The appellant, Roy Francis Van Horn, was convicted in 1985 on his plea of guilty to possessing counterfeit twenty-dollar bills with the intent to defraud, in violation of 18 U.S.C. § 472. The District Court[1] sentenced Van Horn to five years' imprisonment and allowed him the privilege of voluntary surrender to the federal penal institution designated for service of his sentence. Van Horn failed to appear as directed. He was then indicted for violating 18 U.S.C. § 3146, to which we have already referred. After being apprehended, Van Horn was tried and convicted for failing to appear as directed. The District Court sentenced him to a year and a day in prison for this crime and, in accordance with § 3146(b), ordered that the sentence run consecutively to the sentence already imposed for possession of counterfeit money. Van Horn appeals, contending that the statute in question is invalid for the reasons already given.

■ We give Van Horn's counsel good marks for ingenuity and persistence, but we have no difficulty in rejecting the challenges to the statute. It is the business of Congress to define criminal acts, fix the terms of punishment for them, and declare the court which will have jurisdiction over the offense. *United States v. Hudson*, 7 (11 U.S.) Cranch 32, 34, 3 L.Ed. 259 (1812).

---

1. The Hon. William C. Stuart, Senior United States District Judge for the Southern District of Iowa.

The courts have the discretion to choose the appropriate punishment from within the range (if any) authorized by Congress. But Congress need not provide a range of options for the court. It could, if it wished, establish a mandatory set sentence for a particular crime, and it would be constitutional (unless, of course, the sentence violated the Eighth Amendment). At any rate, this is not a mandatory-minimum case. Congress has left to the sentencing judge the ultimate decision whether to imprison at all; it has required only that if sentence is imposed, then it must be a consecutive one.

■ The purpose of Congress is clear and understandable. One who has already been convicted of a crime, and then fails to appear or surrender in accordance with the order of a court, would largely escape punishment altogether if imprisonment imposed for failing to appear or surrender was allowed to run concurrently with the sentence for the underlying offense. It is still up to the court to determine, within the maximum limits set by statute, what term of imprisonment to impose, or, indeed, whether to impose any imprisonment at all. Absent such a statute, courts of course generally have the power to make sentences either concurrent or consecutive, but this power is not constitutionally beyond modification or regulation by the Congress.

■ Nor is § 3146(b) a bill of attainder, in violation of Article I, Section 9, of the Constitution. A bill of attainder is a legislative determination of guilt which metes out punishment to named individuals, see, *e.g., United States v. Lovett*, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946), or readily identifiable groups, see, *e.g., Ex Parte Garland*, 4 (71 U.S.) Wall. 333, 18 L.Ed. 366 (1867). In passing a bill of attainder, the Congress departs from its constitutional role of providing general rules for the government of society and usurps the judicial role by making a legislative determination of guilt. *Fletcher v. Peck*, 6 Cranch (10 U.S.) 87, 136, 3 L.Ed. 162 (1810). The danger of such a law is that it deprives the accused of the protections afforded by judicial process. But Van Horn was not the victim of a bill of attainder. He was convicted after a trial in court (to which he has not objected) for failing to surrender in accordance with the court's orders. His guilt was not determined by Congress, nor has the Congress imposed a punishment on him without a trial. Nothing in § 3146(b) singles out Van Horn for punishment which is different from what would be imposed on anyone else found guilty of the same offense. Congress simply specified the punishment, or one feature of it, that is to be imposed by courts after a judicial finding of guilt.

■ Finally, we reject Van Horn's contention that the statute violates the Due Process Clause of the Fifth Amendment. Normally courts exercise considerable discretion in sentencing, but this discretion is not constitutionally immune from limitation or regulation by statute, as we have already observed. There is nothing fundamentally unfair about such a system, and Van Horn has received all the process that was due.

The judgment of the District Court, imposing a consecutive sentence of one year and one day for failing to surrender as directed, is affirmed.