917 F.2d 558
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Eugene BANCROFT, Defendant-Appellant.
 No. 90-6369.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 1, 1990.
Decided Oct. 31, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CR-88-118-N)
 Phillip Eugene Bancroft, appellant pro se.
 Charles Dee Griffith, Jr., Office of the United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Phillip Bancroft appeals the district court's order denying relief on his motion to dismiss his criminal conviction. We affirm the order of dismissal based on reasoning different from the district court.
 
 
 2
 Bancroft pleaded guilty to failing to appear for his trial on felony charges in violation of 18 U.S.C. Sec. 3146(a)(1). The offense date was February 10, 1988. He was sentenced pursuant to the Sentencing Guidelines and the judgment and commitment order was entered on November 23, 1988. On July 11, 1990, Bancroft filed a motion to dismiss his criminal conviction pursuant to Fed.R.Crim.P. 35(a). He alleged that the district court lacked jurisdiction over the criminal offense. The district court treated the motion as a motion to dismiss and denied relief.
 
 
 3
 To the extent that the district court acted pursuant to Rule 35(a), it lacked any authority to do so. Rule 35(a), as it applies to offenses committed after November 1, 1987, allows the district court to modify sentences in very limited circumstances which are not present in this case. See United States v. Cook, 890 F.2d 672 (4th Cir.1989). Therefore, the motion should have been dismissed because the district court lacked jurisdiction to grant Rule 35 relief.*
 
 
 4
 Accordingly, we affirm the denial of Bancroft's Rule 35 motion, but, pursuant to our authority under 28 U.S.C. Sec. 2106, we modify the order to reflect that the dismissal was due to a lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED AS MODIFIED.
 
 
 
 *
 To the extent that Bancroft's claim that the trial court lacked jurisdiction is subject to construction as a 28 U.S.C. Sec. 2255 claim, see United States v. Santora, 711 F.2d 41 (5th Cir.1983), it was properly rejected because the district court had jurisdiction over the violation of federal law, 18 U.S.C. Secs. 3231, 3146(a)(1). Section 3146 is also constitutional. See United States v. Van Horn, 798 F.2d 1166 (8th Cir.1986)