13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas N. BRADY, Plaintiff-Appellant,
v.
Robert J. TANSY, Warden, Penitentiary of New Mexico; Eloy
Mondragon, Secretary of Corrections, Defendants-Appellees.
 No. 93-2008.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Thomas N. Brady, a state prisoner proceeding pro se, appeals from a judgment dismissing his 42 U.S.C.1983 civil rights action. Mr. Brady alleged that defendants violated his Fifth Amendment due process rights and his Fourteenth Amendment rights by deducting a portion of his wages without statutory authority. He further alleged that the deductions prevented him from being able to afford items of personal hygiene at the prison canteen, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The district court dismissed the complaint sua sponte. We affirm.
 
 
 4
 Pursuant to 28 U.S.C.1915(d), a district court may dismiss a frivolous in forma pauperis action. A complaint is frivolous if it is based on an "indisputably meritless legal theory" such as "infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989). We review a 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 5
 A due process claim involves a two-part inquiry: whether the plaintiff was deprived of a protected interest and, if so, what process was due. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982). To have a protected interest, there must be a legitimate claim of entitlement grounded in state law. Id. at 430.
 
 
 6
 Mr. Brady contends the district court erred in concluding that he had no protected interest in the full amount of his wages. We disagree. Mr. Brady works in standard facility maintenance, which is not a corrections industry job as defined by N.M. Stat. Ann. 33-8-2(C). Rather, he is paid pursuant to N.M. Stat. Ann. 33-2-26. However, section 33-8-8(C)(2) permits the Corrections Department to promulgate rules and regulations providing for deductions from inmate compensation, and specifies that these deductions shall apply to inmate compensation "including payments pursuant to Section 33-2-26 NMSA 1978." The plain meaning of the statute controls. See United States ex rel. Precision Co. v. Koch Indus., Inc., 971 F.2d 548, 552 (10th Cir.1992), cert. denied, 113 S.Ct. 1364 (1993). Because section 33-8-8(C)(2) permits the deductions, Mr. Brady's due process claim was properly dismissed as frivolous. See Hrbek v. Farrier, 787 F.2d 414, 417 (8th Cir.1986).
 
 
 7
 The district court construed Mr. Brady's Fourteenth Amendment claim as alleging disparate treatment. However, Mr. Brady's complaint alleged the Fourteenth Amendment was violated because the deductions were made "contrary to statutory authority negligently and/or with deliberate indifference." R. Doc. 1 at 4. Because the deductions were, in fact, made pursuant to express statutory authority, we conclude the Fourteenth Amendment claim was properly dismissed as frivolous.
 
 
 8
 Mr. Brady raises no argument on appeal concerning his claim that he was denied items of personal hygiene in violation of his Eighth Amendment rights. Rather, his only reference to the Eighth Amendment is a one-sentence assertion that the loss of property without adjudication amounted to cruel and unusual punishment. This claim was not raised in the district court and therefore will not be considered for the first time on appeal. See Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991).
 
 
 9
 Mr. Brady also argues that the district court should have construed his complaint as alleging a violation of U.S. Const. art. I, 9, cl. 3, prohibiting bills of attainder. A bill of attainder is a legislatively prescribed punishment that either names the person to be punished or describes the person in terms of conduct that can only designate particular persons. Selective Serv. Sys. v. Minnesota Pub. Interest Research Group, 468 U.S. 841, 847 (1984). Section 33-8-8 is not a bill of attainder because it does not single out Mr. Brady for treatment different from "what would be imposed on anyone else found guilty of the same offense," United States v. Van Horn, 798 F.2d 1166, 1168 (8th Cir.1986), or, for that matter, from what would be imposed on any other prisoner involved in prison labor.
 
 
 10
 Appellant's motion for sanctions and in the alternative default judgment is DENIED.[2] The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 On June 4, 1993, we ordered the appellees to file an answer brief in this appeal. By an undated letter received June 21, 1993, counsel for the appellees, the Deputy General Counsel for the State of New Mexico Corrections Department, notified the court that she did not intend to provide an answer brief because the district court dismissed the complaint sua sponte before the appellees were served or had entered an appearance
 While counsel's position may be technically correct, her refusal to comply with our direct order is expressly disapproved. The bar of this court, of which counsel is a member, is expected to discharge fully professional responsibilities at every juncture, and to assist this court in the fair and expeditious disposition of cases before it. This is particularly true where, as here, the court is seeking assistance from government counsel, and the appellant is proceeding pro se.
 By dismissing the complaint sua sponte, the district court relieved the appellees of the need to respond to the complaint, as well as other normal burdens of litigation. Government counsel for the appellees should not exploit this fortuitous outcome in the district court to ignore a direct order by this court to file a brief. The clerk of this court is directed to forward a copy of this order and judgment to the New Mexico Attorney General.