**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond M. GRAY, Defendant–Appellant.**

**No. 91–30213.**

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 1994.*

Memorandum June 13, 1994.

Order and Opinion July 26, 1994.

---

* The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

William J. Genego, Santa Monica, CA, for defendant-appellant.

Robert H. Westinghouse, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before WRIGHT, TANG, and REINHARDT, Circuit Judges.

PER CURIAM.

## ORDER

The memorandum disposition filed June 13, 1994, is redesignated as a per curiam opinion.

## OPINION

PER CURIAM:

Raymond Gray appeals his sentence for failure to appear in violation of 18 U.S.C. § 3146(a) and (b). Gray argues that the district court improperly departed upward from the applicable fine range and improperly imposed his sentence to be consecutive to an as yet unimposed sentence for his underlying offense. He also argues that we should remand for resentencing before a different district judge. We vacate Gray's fine, affirm the district court's imposition of consecutive sentences, and remand to the same district judge for resentencing.

## I.

This is Gray's third appeal from his sentencing for failure to appear. Initially, his sentence was reversed and remanded because the district court did not sentence him under the Sentencing Guidelines. *See United States v. Gray*, 876 F.2d 1411, 1418–19 (9th Cir.1989), *cert. denied*, 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990). Upon resentencing, the district court departed upward and imposed a 48 month term of imprisonment and a $250,000 fine. Because the district court did not adequately set forth its reasons for departing upward, Gray's sentence was reversed and remanded a second time. *See United States v. Gray*, No. 90–30144 at 1–2, 1991 WL 36283 (9th Cir. Mar. 13, 1991).

At the second resentencing, which is the subject of this present appeal, the district court determined that Gray's offense level was 12 and that his criminal history category was I. The applicable Guideline range for Gray's term of imprisonment was 10 to 16 months, and the district court imposed a 16 month term of imprisonment. But, the applicable Guideline range for the amount of Gray's fine was $3,000 to $30,000, *see* U.S.S.G. 5E1.2(c)(3), whereas the district court reimposed a fine of $250,000, thus departing upward by $220,000.

## II.

■ Gray first argues that the district court did not have the legal authority to depart upward. A district court is statutorily authorized to depart from a Guideline range if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); *United States v. Lira–Barraza*, 941 F.2d 745, 746 (9th Cir.1991) (en banc). "If the circumstance is one not adequately considered, the court is legally authorized to depart so long as the circumstance is consistent with the sentencing factors prescribed by Congress in 18 U.S.C. § 3553(a), with the Guidelines, and, of course, with the Constitution." *Lira–Barraza*, 941 F.2d at 746.

■ In resentencing Gray, the district court cited the following circumstances: (1) that Gray "fled to a foreign country, using a false identity, and lived there with his family under an assumed name," (2) that he "remained at large for approximately two and one-half months, returning to the United States only after he was taken into custody by foreign authorities," and (3) that his "flight required an extensive two and one-half month effort by the United States Marshal Service to bring him to justice."[1] While

---

1. Gray argues that the district court also improperly relied upon his financial status when departing upward, citing two specific examples: (1) the district court, responding to the government's suggestion that it give reasons for its upward departure, stated that "[Gray] had the money apparently to live a fairly luxurious life," and (2) the district court went on to state that it believed that Gray's actions warranted an upward departure as to the fine and that "he had to have the money to do that, or he couldn't have done it without the money." While the district court's remarks could be considered an attempt to place into the record its reasons for believing that Gray was able to pay the fine that it imposed, they could also be considered a basis for the upward departure. An upward departure based on a particular defendant's ability to pay a greater

these may or may not be sufficiently aggravating circumstances, the district court is required to do more than merely list the aggravating circumstances. It is required also to find specifically that the aggravating circumstances were not adequately taken into consideration by the Sentencing Commission in formulating the guideline for failure to appear. The district court has failed to do so. We therefore must vacate the fine and remand for resentencing with respect to it.[2]

■ Gray also argues that vacation of the fine is necessary because of the inadequacy of the district court's explanation for the extent of its departure. The district court must determine the extent of a departure with regard to "the structure, standards and policies of the Act and Guidelines." *Lira–Barraza*, 941 F.2d at 751. Because we review the extent of a departure for reasonableness, the district court is required to explain the reasons behind the imposition of a particular sentence, analogizing to other Guidelines provisions. *Id.* "If the district court fails to articulate reasons for the extent of its departure or if the analogy is not reasonable, we must vacate and remand." *United States v. Streit,* 962 F.2d 894, 905 (9th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 431, 121 L.Ed.2d 352 (1992).

■ The district court departed upward $220,000 from the applicable fine range of $3,000 to $30,000. This is an upward departure of 10 fine range levels, or alternatively, at least 28 offense levels. Put in perspective, a $220,000 upward departure as to a fine would be comparable to an upward departure of 277 months (over 23 years) of imprisonment. Absent from the transcript, however, is any explanation as to how or why the district court arrived at such an amount of

upward departure; there were no reasons given or analogies made. The district court simply imposed the statutory maximum. Under *Lira–Barraza* this is reversible error. We therefore vacate and remand on this ground as well.

### III.

[7] At the time of his sentencing for failure to appear, Gray's conviction for his underlying offense had been reversed on appeal. *See United States v. Olano,* 934 F.2d 1425 (9th Cir.1991), *rev'd in part,* — U.S. —, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Nevertheless, the district court imposed the sentence to be consecutive to the as yet unimposed sentence for the underlying offense. Gray argues that the imposition of a consecutive sentence was improper because the district court did not have authority to impose a consecutive sentence to a sentence not yet imposed. We disagree.

Under 18 U.S.C. § 3146(b)(2), "[a] term of imprisonment imposed [for failure to appear] shall be consecutive to the sentence of imprisonment for any other offense." The purpose of requiring consecutive sentences is clear and understandable. "One who has already been convicted of a crime, and then fails to appear or surrender in accordance with the order of a court, would largely escape punishment altogether if imprisonment imposed for failing to appear or surrender was allowed to run concurrently with the sentence for the underlying offense." *United States v. Van Horn,* 798 F.2d 1166, 1168 (8th Cir.1986); *accord United States v. Kalady,* 941 F.2d 1090, 1098 (10th Cir.1991).

There is no practical reason to require the district court to await a conviction and sentencing for an underlying offense before it

---

fine is prohibited, *see* 28 U.S.C. § 994(d); U.S.S.G. § 5H1.10, and we therefore caution the district court against such ambiguous remarks on remand.

**2.** Gray further contends that the district court did not have the legal authority to depart upward because the language of U.S.S.G. § 5E1.2(b) limits departures from the applicable fine range to either § 5E1.2(f), which allows a downward departure if a defendant is unable to pay a fine or if a fine would unduly burden a defendant's depen-

dents, or § 5E1.2(i), which allows the imposition of an additional fine in an amount that is sufficient to pay the costs of imprisonment, probation or supervised release. We disagree. The fact that the Guidelines identify two specific grounds for departure does not preclude the district court from departing on a different basis pursuant to *Lira–Barraza.* Had the Commission intended to insulate the applicable fine range from upward departures, certainly it could have and would have said so.

can impose a sentence for a failure to appear. It makes no difference that Gray would first serve his sentence for failure to appear, for Congress plainly intended that such a sentence be imposed in addition to any other sentence for the underlying offense. If Gray is eventually acquitted of his underlying offense, he will serve only the sentence for failure to appear; effectively he would serve a sentence consecutive to a sentence of zero. Accordingly, we conclude that the district court had the authority to impose Gray's sentence for failure to appear to be served consecutive to his sentence for the underlying offense, regardless of the fact that Gray's conviction for the underlying offense had been reversed on appeal, and regardless of the fact that Gray may therefore serve the consecutive sentence exclusively or in the alternative, may serve it prior to serving the sentence on the underlying offense.

### IV.

 Gray requests that we remand for resentencing to a different district judge. Remand to a different district judge, in the absence of proof of personal bias, is granted only in unusual circumstances. *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1992). The following factors are considered when making such a determination:

> (1) whether the original judge would reasonably be expected on remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.* (quoting *United States v. Arnett,* 628 F.2d 1162, 1165 (9th Cir.1979)).

In his last appeal to this court, Gray also asked that we remand for resentencing to a different district judge. *See Gray,* 90–30144 at 1–2. We denied his request. *Id.* at 2. In his present appeal to this court, Gray has

still failed to present any evidence of bias by the district court. A third reversal of Gray's sentence does not, in itself, warrant remand to a different district judge. Therefore, Gray's request that we remand for resentencing to a different district judge is denied.

### V.

We VACATE Gray's fine and REMAND to the district court, AFFIRM the district court's imposition of consecutive sentences, and DENY Gray's request to remand to a different district judge.