83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jit Singh NAGRA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mohan Singh NAGRA, Defendant-Appellant.
 Nos. 95-30188, 95-30192.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 30, 1996.
 
 Before: WRIGHT, PREGERSON and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brothers Jit Nagra and Mohan Nagra were convicted for their participation in an international conspiracy to smuggle aliens into the United States. The district court sentenced both of them to ten years in prison, departing upward six levels from their sentencing guidelines offense level. We have jurisdiction over their timely sentencing appeals pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm the sentences in part, vacate in part and remand for resentencing.
 
 
 3
 We will not repeat the facts here because the parties are familiar with them.
 
 
 4
 1. Dispute Concerning Number of Aliens Smuggled
 
 
 5
 Both Nagras argue that the court erred in failing to resolve the factual issue concerning the number of aliens smuggled.
 
 
 6
 At sentencing, the court must rule on any unresolved objections to the presentence report. Fed.R.Crim.P. 32(c)(1). When a defendant alleges factual inaccuracies in the report, the court "must either append to the report a finding as to the allegation or not take the matter into account for sentencing purposes." United States v. Harrison-Philpot, 978 F.2d 1520, 1525 (9th Cir.1992), cert. denied, 508 U.S. 929 (1993); see also U.S.S.G. § 6A1.3. Strict compliance with Rule 32 is required: "if the district court failed to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing." United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991) (citations and internal quotations omitted).
 
 
 7
 Jit Nagra's presentence report called for an upward departure on the basis of the substantial number of aliens smuggled, saying that the case "involved thousands of aliens." It also said that he bragged about smuggling over 1,000 aliens a year. Jit denied this allegation, calling the figure "ridiculous." The court nonetheless departed upward on the basis of the report without making an express finding on the number of aliens smuggled.
 
 
 8
 Mohan Nagra's presentence report said that he smuggled over half of the 799 aliens brought to the INS agents for employment authorization documents. It also said that he had demonstrated the ability to handle in excess of 1,000 aliens annually. Although Mohan objected to these allegations, the court relied on the report in departing upward. The report contained no estimate of the actual number of aliens smuggled and the court made no independent finding on this matter.
 
 
 9
 We conclude that the court erred in failing to resolve this factual dispute. We remand so that the court can make a finding on the approximate number of aliens smuggled in the conspiracy.
 
 
 10
 2. Dispute Concerning Inhumane Treatment of Aliens
 
 
 11
 The Nagras argue that the court also erred in failing to resolve factual disputes concerning inhumane treatment of aliens. These contentions arise from discrepancies between the court's oral pronouncement of sentence and its statements of reasons for sentence. At the hearing, the court said that it was departing for the reasons given in the presentence reports. Jit Nagra's report did not cite inhumane treatment or unlawful restraint as grounds for departure. The court's written statement of reasons for the sentence, however, said the court was departing for the reasons stated in the presentence report and the government's sentencing memorandum. This memorandum urged an upward departure on several grounds, including inhumane treatment and unlawful restraint.
 
 
 12
 Mohan Nagra's presentence report also did not cite inhumane treatment. But the court's written statement of reasons for his sentence referred to such treatment as one of the grounds for the six-level departure.
 
 
 13
 Where there is a conflict between the court's oral statement of reasons and its statement of reasons in the written judgment, the reasons articulated in the presence of the defendant control. United States v. Hicks, 997 F.2d 594, 597 (9th Cir.1993); see also 18 U.S.C. § 3553(c). Accordingly, the oral statements here control. Because these statements rely on the presentence reports, which do not take into account inhumane treatment, the court need not make findings of fact on this matter. Harrison-Philpot, 978 F.2d at 1525.
 
 3. Legal Authority to Depart
 
 14
 The Nagras argue that the court did not have the authority to depart upward on the basis of the substantial number of aliens involved.
 
 
 15
 The court may depart upward from the applicable guidelines range only if it identifies an aggravating circumstance not adequately taken into consideration by the Sentencing Commission. 18 U.S.C. § 3553(b); United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). Here, the district court identified an aggravating circumstance, the smuggling of substantially more than 100 aliens, which the guidelines expressly describe as a possible ground for an upward departure. U.S.S.G. § 2L1.1, comment. (n. 5). This statement establishes "beyond argument that departure was legally authorized." Lira-Barraza, 941 F.2d at 746.
 
 
 16
 But the Nagras argue that, because their offense level was calculated according to the count-grouping provisions, an upward departure on the basis of the substantial number of aliens smuggled was impermissible. They note that their final offense level, based on the bribery offenses contained in the conspiracy, was five levels higher than the level would have been just for the alien smuggling offenses. They conclude that their final offense level implicitly accounted for at least a five-level upward departure for the substantial number of aliens smuggled. They contend that the court could not impose an additional increase on the basis of this factor.
 
 
 17
 The grouping provisions of the guidelines authorize a departure where the final offense level for the grouped offenses does not adequately take into account the full scope of the defendants' conduct. U.S.S.G. § 3D1.4, comment. (backg'd). The Nagras' quasi-"double counting" argument is novel, but it ignores the fact that their final offense level was based primarily on the underlying bribery conduct, separate from the alien smuggling. The conspirators bribed INS agents to obtain employment documents for illegal aliens already living in the United States. Accordingly, the grouped offense level did not fully take into account the Nagras' alleged smuggling of substantial numbers of aliens. We reject their argument and find that the court's departure on the basis of the substantial number of aliens smuggled was permissible.
 
 4. Justification for Extent of Departure
 
 18
 The Nagras argue that the court erred in failing to explain the extent of its departures.
 
 
 19
 The court must provide a reasoned explanation for the extent of its departure founded on the structure, standards and policies of the Sentencing Reform Act and the guidelines. United States v. Cruz-Ventura, 979 F.2d 146, 151 (9th Cir.1992); Lira-Barraza, 941 F.2d at 751. In providing this explanation, it should analogize to other guideline provisions. United States v. Gray, 31 F.3d 1443, 1446 (9th Cir.1994). If the departure is based on more than one factor, the court must "articulate with sufficient particularity" the extent to which it relied upon each factor. United States v. Ward, 914 F.2d 1340, 1348 (9th Cir.1990).
 
 
 20
 Even when the circumstances relied upon for a departure are proper, if the court fails to articulate reasons, we will vacate and remand. Cruz-Ventura, 979 F.2d 146 at 151. We will not search the record for permissible reasons for the extent of a departure, and will consider only the reasons actually given by the district court. United States v. Streit, 962 F.2d 894, 903 (9th Cir.), cert. denied, 506 U.S. 962 (1992).
 
 
 21
 The presentence reports, upon which the district court relied, gave no explanation for the extent of their proposed departures. Nor did they analogize to any other sections of the guidelines, such as Section 2L1.1(b)(2)(C) (providing six-level enhancement for the smuggling of over 100 aliens), or Section 2B2.1(b)(4) (providing two-level enhancement for the possession of a weapon during a burglary). Jit Nagra's report did not indicate how much of the departure was attributable to the weapon possession and how much to the number of smuggled aliens. Mohan Nagra's report contained no estimate of the substantial number of aliens smuggled, and yet recommended a six-level departure on the basis of this factor. We conclude that the court erred in failing to explain the extent of its departures.
 
 5. Justification for Departure
 
 22
 Jit Nagra argues that the court erred in failing to provide reasons for its departure. This argument has no merit because the court did give reasons. It adopted the recommendation of his presentence report, which called for a departure on the basis of his possession of a weapon and his smuggling of substantially more than 100 aliens.
 
 
 23
 6. Possession of Weapon as Ground for Departure
 
 
 24
 Jit Nagra argues that his possession of a weapon was an insufficient basis for a six-level departure. This argument also has no merit because, as just noted, the court based its departure not only on his possession of a weapon, but also on his smuggling of a substantial number of aliens.
 
 7. Reasonableness of Departure
 
 25
 Mohan Nagra argues that the court's departure was unreasonable. Because the court did not specify the factual basis for the departure or provide any explanation for the extent of the departure, we cannot evaluate its reasonableness. United States v. Hernandez-Rodriguez, 975 F.2d 622, 628 (9th Cir.1992) (without benefit of district court's reasoning, it was impossible for court of appeals to conclude that eight-level departure on the basis of dangerous or inhumane treatment of aliens was reasonable).
 
 CONCLUSION:
 
 26
 The district court erred in failing to make a finding on the number of aliens smuggled. This error compounded the court's error in failing to explain the extent of its departures. Although the court has the authority to depart for both Nagras on the basis of U.S.S.G. § 2L1.1, Application Note 5, at resentencing it must explain the extent of the departures, analogizing to other provisions of the guidelines. It must also append to the presentence reports a finding of fact on the approximate number of aliens smuggled in the conspiracy.
 
 
 27
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds these cases suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3