122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank F. COLACURCIO, Sr., Defendant-Appellant.
 No. 96-30371.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Sept. 9, 1997.
Decided Sept. 12, 1997.
 
 1
 Appeal from the United States District Court for the Western District of Washington, No. CR-90-00070-JCC. John C. Coughenour, District Judge, Presiding.
 
 
 2
 Before: WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 In the second appeal stemming from his 1995 parole revocation, Colacurcio contests the denial of his motion to reassign the case to another district judge. We affirm.
 
 
 5
 * Colacurcio was placed on probation after pleading guilty in 1991 to two counts of filing false tax returns. The probation order required him to obey all s-ate laws and prohibited his involvement in the operation of exotic dance clubs. In 1995, he was charged with violating these terms by interviewing an applicant for a position at an exotic dance club and by taking "indecent liberties" with her during the interview.
 
 
 6
 The magistrate judge to whom the matter was referred recommended that his probation be revoked. The district court agreed, sentencing him to three years in prison. After reviewing the transcript of the hearing before the magistrate judge, the court stated "regardless of what one thinks of the testimony of Miss Case [sic], and I find it to be credible ... the fact of the matter is that I told Mr. Colacurcio rather clearly that I wanted him out of this business." Caisse was the complainant and chief witness in the charges against Colacurcio.
 
 
 7
 Colacurcio appealed on jurisdictional grounds. We concluded that the magistrate judge lacked statutory authority to conduct the probation revocation hearing. United States v. Colacurcio, 84 F.3d 326 (9th Cir.1996). Accordingly, we vacated the judgment and remanded, instructing the district court "to conduct a new probation revocation hearing." Id. at 334.
 
 
 8
 Colacurcio moved to reassign the matter, contending primarily that the statement regarding Caisse demonstrated that the judge would be unable to afford him an impartial hearing. The court denied the motion. The parties stipulated that the court could decide the matter based upon the record of the hearing conducted by the magistrate judge, preserving the right to appeal the denial of the reassignment motion. The court revoked Colacurcio's probation and sentenced him to 36 months in prison. He timely appeals the denial of his motion to reassign.
 
 II
 
 9
 Colacurcio contends first that Judge Coughenour acted as an appellate judge in his initial review of the magistrate judge's recommendation, and thus 28 U.S.C. § 47 required him to recuse himself on remand. This is a question of law, which we review de novo.[1] United States v. Yacoubian, 24 F.3d 1, 3 (9th Cir.1994).
 
 
 10
 Colacurcio's reliance on § 47, which provides that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him," is misplaced. In his prior appeal we vacated the judgment and ordered the court to conduct a new evidentiary hearing. Even assuming that Colacurcio's novel argument were otherwise valid, our decision left Judge Coughenour with no "appeal from the decision of a case or issue" to "hear or determine."
 
 III
 
 11
 Relying on United States v. Gray, 31 F.3d 1443, 1447 (9th Cir.1994), Colacurcio argues next that the district judge should have reassigned the case because, having resolved the issue of Caisse's credibility against Colacurcio, he "would reasonably be expected to have substantial difficulty" setting aside his views. His argument lacks merit
 
 
 12
 First, Gray is simply inapplicable to these facts. The factors identified there are used by this court to determine whether to reassign a case on remand. Colacurcio should have presented this argument in his prior appeal.[2]
 
 
 13
 Second, even if Gray were applicable, it held that "[r]emand to a different district judge, in the absence of proof of personal bias, is granted only in unusual circumstances." Id. Colacurcio wisely does not allege personal bias, and the lone statement on which he relies does not give rise to the "unusual circumstances" to which we alluded. Rather, as Judge Coughenour explained, it was merely "a conclusion that Judge Weinberg had sufficient evidence to find that [Caisse] was credible [and] ... was intended to indicate that even if the allegations of Ms. Caisse were not accurate, Colacurcio was still in violation of the terms of his probation."
 
 IV
 
 14
 Finally, Colacurcio contends that refusal to reassign the case violated his due process rights because Judge Coughenour had predetermined the credibility of the chief witness against him. We review de novo. Adkins v. Trans-Alaska Pipeline Liab. Fund, 101 F.3d 86, 89 (9th Cir.1996).
 
 
 15
 Most judicial disqualification questions are resolved by resort to the "common law, statute, or the professional standards of the bench and bar," not the Due Process Clause, which establishes only the "constitutional floor." Bracy v. Gramley, 117 S.Ct. 1793, 1797 (1997). That floor requires a "fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Id. (quotations and citations omitted.) For the reasons stated in Section III, supra, we conclude that Colacurcio has fallen far short of establishing that this standard was not met.
 
 
 16
 AFFIRMED.
 
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We generally review for abuse of discretion a district court's recusal decision. See e.g. United States v. Payne, 944 F.2d 1458, 1476 (9th Cir.1991). Because Colacurcio raises the novel argument that § 47 compelled recusal, a question of statutory interpretation, we review de novo
 
 
 [2]
 Colacircio's reason for relying on these novel theories to disqualify the district judge, while expressly disclaiming reliance on the traditional bases for disqualification, 28 U.S.C. §§ 144 and 455, is readily transparent: the "extrajudicial source" doctrine applicable to those statutes instructs that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "[i]n and of themselves ... cannot possibly show reliance upon an extrajudicial source." Liteky v. United States, 510 U.S. 540, 555 1994 (emphasis added)