**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eleazar GARCIA, Defendant–Appellant.**

**No. 00–50382.**

**D.C. No. CR–97–01113–R–1.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2001.*

Decided June 15, 2001.

Before KOZINSKI and THOMAS, Circuit Judges, and WHYTE, District

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Judge.**

## MEMORANDUM ***

■ The district court held a sentencing hearing at which it gave the defendant the chance to argue any objections to the PSR. The court sentenced Garcia and, after the government requested clarification, stated that it adopted the findings of the PSR as its own. Garcia "was given full opportunity to request a more definitive ruling and did not do so." *United States v. Rigby,* 896 F.2d 392, 394 (9th Cir.1990). Rule 32(c) requires no more. *United States v. Rosales,* 917 F.2d 1220, 1222 (9th Cir. 1990), *overruled on other grounds by United States v. Nordby,* 225 F.3d 1053 (9th Cir.2000). As the government concedes, however, remand is necessary so that the district court may consider Garcia's new arguments and make an appropriate finding on criminal history.

■ In the absence of the suggestion of bias, we will not remand to a different district judge simply because the sentence has been reversed more than once. *United States v. Gray,* 31 F.3d 1443, 1447 (9th Cir.1994). Because Garcia has not demonstrated any other "unusual circumstances," remand to a different judge is not appropriate. *See id.*

**REMANDED.**

THOMAS, Circuit Judge, concurring in part and dissenting in part.

I agree that remand is necessary to allow the district court to make findings as to Garcia's criminal history. However, I would also remand for the district court to enter findings concerning the pre-sentence report and Garcia's objections thereto pursuant to our prior mandate in this case. *United States v. Garcia,* 2000 WL 125911 (9th Cir.2000) (unpublished). If a district court fails to make findings required by Fed.R.Crim.P. 32(c)(1) at sentencing, the sentence must be vacated and the defendant re-sentenced. *United States v. Gutierrez–Hernandez,* 94 F.3d 582, 584 (9th Cir.1996). Here, the district court did not make findings prior to the time sentence was imposed. At the government's request, the court did affirm that it was adopting the findings of the pre-sentence report. However, this occurred after sentence was pronounced and the defendant remanded into custody, casting considerable doubt on the meaningfulness of the defendant's opportunity to object or request a more definitive ruling. Thus, I would also remand for the district court to enter findings concerning the pre-sentence report and Garcia's objections to it.

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.