**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ralph HALE, Defendant—Appellant.**

No. 01–30210.
D.C. No. CR–92–00042–1–CCL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2001 *.

Decided Dec. 18, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Defendant Ralph Hale appeals from the district court's order revoking his supervised release and sentencing him to a 57-month term of incarceration. We reverse and remand.

Defendant argues that because the court never made payment of the $100,000 forfeiture judgment a condition of supervised release, the court abused its discretion by revoking release on that ground. We agree.

The court's belief that payment of the forfeiture obligation was a condition of release is understandable, in view of the U.S. Probation Office's mistaken representation that it was. However, the court's order sentencing Defendant at the time of his conviction did not make payment of the forfeiture obligation a condition of supervised release.[1] The court therefore erred by revoking release on that basis.

In its written order revoking release, the court stated that it found that Defendant had violated two other conditions of release: Standard Conditions Two and Three. Although Defendant's violation of those conditions could provide valid bases for the court to revoke release, because the court's main reason for revoking release was Defendant's failure to pay the forfeiture obligation, it is not clear from the record whether the court would have revoked release on those grounds alone. Additionally, the full amount of the forfeiture has now been paid. Consequently, we reverse and remand to the district court for further consideration.

On remand, the court should determine whether to revoke release for Defendant's violation of Standard Conditions Two and Three and, if so, resentence Defendant. The length of any sentence imposed on remand must be less than or equal to the statutory maximum of two years, 18 U.S.C. § 3583(e)(3), minus the time already served by Defendant on revocation of release.

Defendant argues that the case should be reassigned to a different judge on remand. We decline to do so. None of the conditions requiring reassignment is present here. *See United States v. Gray*, 31 F.3d 1443, 1447 (9th Cir.1994) (per curiam) (identifying the factors governing reassignment).

**REVERSED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Government contends that the statement of the "Conditions of Probation or Supervised Release" signed by Defendant at the time his term of supervised release began made payment of the forfeiture obligation a condition of release. It did not. Only the court has the authority to establish and modify the conditions of release. 18 U.S.C. § 3583(e). A mistake in the Probation Office's form—even one acquiesced in by the defendant—cannot alter the court's conditions.