**STATE of Iowa, Appellee,**

v.

**Ronald Dean SWARTZ, Appellant.**

No. 98–252.

Supreme Court of Iowa.

Sept. 9, 1999.

Jane E. Rosien, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Shawn Wehde, Assistant County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, TERNUS, CADY, and HARRIS,* JJ.

CARTER, Justice.

Defendant, Ronald Dean Swartz, appeals from his conviction of possession of a firearm by a felon in violation of Iowa Code section 724.26 (1995). He contends that the statute creating that crime may not be applied to felons whose convictions preceded the law's effective date. He bases this contention on several legal theories. In considering those contentions and other arguments that defendant advances, we conclude that all claims of error are with-

---

* Senior judge assigned by order pursuant to    Iowa Code section 602.9206 (1999).

out merit. We affirm the judgment of the district court.

Defendant's arguments for reversal are that: (1) because his felony conviction occurred before the effective date of the law banning possession of a firearm, the present conviction violates the Ex Post Facto Clause contained in Article I, Section 9 of the United States Constitution, and article I, section 21 of the Iowa Constitution; (2) as applied to him, the statute banning possession of a firearm is a bill of attainder; (3) the trial court erred by not instructing on a mistake-of-law defense; (4) defendant was prejudiced by an improper closing argument by State's counsel; and (5) the sentencing hearing and sentencing order were irregular and contrary to law. We consider each of these contentions in our opinion. Facts that are pertinent to the appeal will be stated in our discussion of the legal issues presented.

## I. *The Ex Post Facto Argument.*

■ The act of possessing a firearm on which defendant's conviction is based occurred on February 21, 1997. Defendant does not challenge the jury's finding that he did possess a firearm on that date. He seeks reversal based on the claim that, because his convicted-felon status preceded the effective date of the law banning possession of firearms by a felon, application of the statute to him violates the prohibition against ex post facto laws.[1]

This court rejected a similar argument involving section 724.26 based on both statutory interpretation and ex post facto theories in State v. Hall, 301 N.W.2d 729, 732–33 (Iowa 1981). Defendant urges consideration of this ex post facto issue anew in light of the decision of the Eighth Circuit Court of Appeals in United States v. Davis, 936 F.2d 352 (8th Cir.1991).

The Davis case considers the application of a Minnesota statute lengthening the time during which convicted felons may not possess firearms. Although the case discusses the application of the Minnesota statute to felons whose convictions antedated its enactment, it does not involve a conviction for possession of a firearm by a felon. Indeed, no state court conviction for possession of a firearm by a felon had occurred as part of the factual setting before the federal court in that case. The court was considering the application of the change in Minnesota law within the context of whether that statutory change rendered defendant's restoration of citizenship with respect to a felony burglary conviction less than complete for purposes of enhancing a sentence for a federal crime.

The Davis decision is discussed at length in the Eighth Circuit opinion in United States v. Baca–Valenzuela, 118 F.3d 1223, 1231 (8th Cir.1997). In the latter case, the court declares the applicable ex post facto principle to be "[s]o long as the actual crime for which a defendant is being sentenced occurred after the effective date of the new statute, there is no ex post facto violation." Baca–Valenzuela, 118 F.3d at 1231 (quoting United States v. Farmer, 73 F.3d 836, 841 (8th Cir.1996)). That characterization of the ex post facto prohibition is consistent with this court's statement in State v. Pickens, 558 N.W.2d 396, 397 (Iowa 1997), that an ex post facto law is one "that impose[s] punishment for an act that was not punishable when committed or that increase[s] the quantum of punishment provided for the crime when it was committed." In further analyzing the ex post facto prohibition in Pickens, we stated that

> [t]he mark of an ex post facto law is the imposition of what can fairly be designated punishment for past acts. The question in each case where unpleasant consequences are brought to bear upon an individual for prior conduct, is whether the legislative aim was to punish that individual for past activity, or whether the restriction of the individual comes

---

1. The felony conviction on which the State relied to confer convicted-felon status on defendant occurred in 1976. The effective date of § 724.26 was January 1, 1978.

about as a relevant incident to a regulation of a present situation.

*Pickens,* 558 N.W.2d at 398. In applying the test articulated in *Pickens,* we conclude that section 724.26 is intended to regulate a present situation that includes defendant's continuing status as a convicted felon.

Support for our conclusions is found in *United States v. Brady,* 26 F.3d 282 (2d Cir.1994). There, the defendant argued that to allow his 1951 felony conviction to serve as a basis for establishing violation of a subsequently enacted federal statute banning possession of firearms by felons violated the ex post facto clause. In rejecting this argument, the court stated that,

> [r]egardless of the date of [defendant's] prior conviction, the crime of being a felon in possession of a firearm was not committed until after the effective date of the statute under which he was convicted.

*Brady,* 26 F.3d at 291. Similar conclusions were reached in *United States v. Etheridge,* 932 F.2d 318, 323 (4th Cir. 1991), and *United States v. Patterson,* 820 F.2d 1524, 1527 (9th Cir.1987). We are satisfied that these principles govern the disposition of defendant's claims under federal law. To the extent that he also relies on the Iowa Constitution, we hold that a similar rule should prevail. *See State v. Garcia,* 600 N.W.2d 320, 321 (Iowa 1999) (Iowa Constitution's ex post facto clause is typically interpreted in a manner consistent with the federal constitution).

Based on the foregoing discussion and the authorities identified therein, we conclude that defendant's conviction in the present case does not offend against the ex post facto clause of either the federal or Iowa constitutions.

## II. *The Bill of Attainder Argument.*

Next, defendant contends that application of the statute prohibiting possession of a firearm by a felon, as applied to him, constitutes a bill of attainder prohibited by Article I, Section 10 of the United States Constitution and article I, section 21 of the Iowa Constitution. He asserts that it is the aim of section 724.26 to punish a designated group of persons, *i.e.,* convicted felons, by denying them the right to possess a firearm.

A bill of attainder is a legislative determination that metes out punishment to a particular individual or a designated group of persons without a judicial trial. *United States v. Lovett,* 328 U.S. 303, 315, 66 S.Ct. 1073, 1078, 90 L.Ed. 1252, 1259 (1946). The danger of such a law is that it deprives the accused of the protection afforded by judicial process. *United States v. Van Horn,* 798 F.2d 1166, 1168 (8th Cir.1986). The defendant's conviction in the present case was not punishment imposed without judicial process. He was given a jury trial. Moreover, he is not being punished for his membership in a particular group, but rather for his violation of a regulation validly imposed upon that group through the legislative process.

The issue as it relates to statutes barring possession of firearms by felons was determined adversely to defendant's contention in *United States v. Donofrio,* 450 F.2d 1054 (5th Cir.1971). There, the court declared:

> Appellant misconceives the [thrust of the bill of attainder prohibition]. Laws regulating the conduct of convicted felons have long been upheld as valid exercises of the legislative function. The prohibitions of [the bill of attainder clause] relate only to penal laws which are described as those laws which inflict a disability for the purpose of punishment. If the disability is designed to accomplish some other legitimate governmental purpose it should stand.... Such an activity is presented in the instant case, the regulation of guns in the hands of those previously convicted of felonies.

*Donofrio,* 450 F.2d at 1055–56. We agree with the conclusions of the federal court

that statutory prohibitions of the type at issue here do not constitute a prohibited bill of attainder.

### III. *Whether the Trial Court Erred in Not Instructing on a Mistake–of–Law Defense.*

■ Next, defendant urges that the trial court erred in refusing his request to instruct the jury with respect to a mistake-of-law defense. He bases this contention on the likelihood of confusion as to his right to possess a firearm based upon the restoration of citizenship granted to him by the governor in October of 1981.

· In *Hall* this court considered the effect of a prior restoration of citizenship on the statutory prohibition contained in section 724.26 and observed

[f]or all practical purposes, the restoration to citizenship rights is immaterial. With or without such restoration, a former felon could have possessed firearms prior to January 1, 1978. Now *no* felon may do so unless permitted by executive order as directed in section 724.27.

*Hall*, 301 N.W.2d at 732. Section 724.27 provides:

The provisions of sections 724.8, subsection 2, 724.15, subsection 1, paragraphs *"b"* and *"e"*, and 724.26 shall not apply to a person who is eligible to have the person's civil rights regarding firearms restored under section 914.7 and who is pardoned or has had the person's civil rights restored by the President of the United States or the chief executive of a state and who is expressly authorized by the President of the United States or such chief executive to receive, transport, or possess firearms or destructive devices.

Defendant has not been pardoned, and no claim is made that the restoration of citizenship he received in 1981 expressly authorized him to possess a firearm. Under these circumstances, we do not believe that his mere belief that the 1981 restoration of citizenship was sufficient for that purpose can sustain a mistake-of-law defense.

Section 701.6 provides:

All persons are presumed to know the law. Evidence of an accused person's ignorance or mistake as to a matter of either fact or law shall be admissible in any case where it shall tend to prove the existence or nonexistence of some element of the crime with which the person is charged.

Defendant concedes that his misinformation concerning the significance of his restoration of citizenship is a mistake of law rather than a mistake of fact.

■ As to the mistake-of-law defense, we have interpreted section 701.6 as follows:

One is obliged to discover whether his contemplated activity is criminal, and if he acts without such knowledge he runs the risk of violation and consequent criminal prosecution. He may not defend on the grounds that he did not know the act was forbidden.

*State v. Clark*, 346 N.W.2d 510, 512 (Iowa 1984) (quoting 4 John Yeager & Richard Carlson, *Iowa Practice* § 10, at 5 (1979)). We applied this principle so as to preclude a mistake-of-law defense in a conviction for possession of a firearm by a felon in *Saadiq v. State*, 387 N.W.2d 315, 323 (Iowa 1986). The trial court properly refused to instruct on mistake of law in presenting the case to the jury.

### IV. *Whether the Trial Court Erred in Denying Defendant's Motion for Mistrial Based on an Allegedly Improper Closing Argument by State's Counsel.*

Next, we consider defendant's contention that the district court improperly denied his motion for mistrial based on an allegedly improper closing argument by the State's counsel. The challenged remarks occurred during the State's rebuttal argument. Defendant asserts that the argument denied the existence of a material fact known to exist by the prosecutor and,

in addition, was an improper reference to defendant's failure to testify as a witness.

A. *Alleged denial of facts known to exist.* In a motion for mistrial following closing arguments, defendant's counsel accused the prosecutor of denying the existence of the 1981 restoration of citizenship granted to defendant when the prosecutor knew that it existed. The district court dismissed this contention on the basis that the comment had been invited by defense counsel's closing argument.

■ We have recognized that, if allegedly objectionable remarks are made in response to an opponent's argument, this will ordinarily obviate any impropriety that would otherwise exist. *State v. Horsey,* 180 N.W.2d 459, 461 (Iowa 1970). In instances in which a defendant's argument is unreported and has not been supplied by proceedings to reconstruct the record under Iowa Rule of Appellate Procedure 10(c), we will presume that the prosecutor's remarks were made in response to an argument advanced by defense counsel. *State v. Stump,* 254 Iowa 1181, 1196, 119 N.W.2d 210, 219 (1963); *State v. Latham,* 254 Iowa 513, 517, 117 N.W.2d 840, 843 (1962); *State v. Rutledge,* 243 Iowa 179, 199, 47 N.W.2d 251, 263 (1951).

■ The defendant's closing argument was not reported. Consequently, we would be justified in applying the presumption established in the foregoing cases. This is not necessary, however, because the facts that were conceded during the hearing on the motion for mistrial reveal that defendant had injected an issue in closing argument concerning defendant's good-faith belief that he could possess a firearm because his voting rights had been restored. The trial court had previously ruled that no issue of good-faith belief based on a mistake of law would be submitted to the jury in the court's instructions. Under these circumstances, we believe that the prosecutor's statement in rebuttal denying the existence of a restoration of citizenship was intended to ne-

gate the type of restoration that would qualify under section 724.27 as a basis for possessing a firearm. Although that comment was beyond the issues, as narrowed by rulings of the district court, and was also outside of the record, it was invited by defense counsel's argument that was also beyond the issues in the case. Under those circumstances, the prosecutor's response does not constitute grounds for reversal.

■ B. *Alleged comment on failure of accused to testify.* The complaint that the prosecutor alluded in his rebuttal argument to the defendant's failure to testify is based on a comment that absolutely no evidence of any kind had been presented that defendant did hold a good-faith belief that he could possess a firearm. When a defendant's state of mind is claimed by the defense to be an issue, any general reference to an absence of evidence of that state of mind is not improper simply because the most obvious source of such evidence lies with the accused. *State v. Atwood,* 342 N.W.2d 474, 475–76 (Iowa 1984) (no impropriety in advising the jury that the prosecutor could not crawl into the defendant's head and tell you what he was thinking); *see also United States v. Emmert,* 9 F.3d 699, 702–03 (8th Cir.1993), *cert. denied sub nom.,* 513 U.S. 829, 115 S.Ct. 101, 130 L.Ed.2d 50 (1994) (remarks that there is no evidence to support a proposition does not manifest intention by prosecutor to call attention to defendant's failure to testify). We find no error in the denial of the mistrial motion.

**V. *Whether the Sentencing Hearing and Sentencing Order Were Irregular and Contrary to Law.***

Finally, we consider defendant's contention that the sentencing hearing and the sentencing order were irregular and contrary to law. The alleged irregularities on which defendant relies are (1) the trial court's comments that in a prior felony trial defendant had been convicted of a lesser offense than the evidence would

have warranted, and (2) several inaccuracies contained in the presentence investigation report concerning defendant's criminal history.

In sentencing defendant to prison on the firearm violation, the court ordered that the sentence be served consecutively with the sentence imposed on a drug-related crime, which carried a mandatory minimum sentence. As reasons for the sentence, the court stated that "defendant is a career criminal with little prospect of rehabilitation and a continuing threat to society." The court's reference to a prior felony trial in which defendant was convicted of second-degree robbery based on evidence that the sentencing judge (who had also presided at the prior trial) believed would have supported a greater offense was in connection with the expression of the court's conclusions about defendant being a career criminal. Those conclusions were reinforced by valid data in the presentence investigation report. That report did contain several inaccuracies concerning defendant's prior criminal history, which indicated more convictions and arrests than actually occurred. However, defendant's counsel pointed out each of these inaccuracies, the State made no effort to contradict those corrections, and the sentencing judge made no reference to the inaccurate material in imposing sentence. We find that the circumstances offer defendant no basis for relief from his sentence.

As an additional complaint, defendant urges that the district court improperly ordered restitution for the amount of the court costs and defendant's court-appointed attorney fees without first making a determination of the defendant's ability to pay. We conclude that he may not advance that claim in this court on the present record for two reasons. First, it does not appear that the plan of restitution contemplated by Iowa Code section 910.3 was complete at the time the notice of appeal was filed. Second, Iowa Code section 910.7 permits an offender who is dis-

satisfied with the amount of restitution required by the plan to petition the district court for a modification. Until that remedy has been exhausted we have no basis for reviewing the issue that defendant raises.

Defendant's contentions that the restitution provisions contained in Iowa Code chapter 910 violate both the title requirement and single-subject requirement of article 3, section 29 of the Iowa Constitution must be rejected. This statute was codified many years before his sentencing took place. *See State v. Mabry,* 460 N.W.2d 472, 475 (Iowa 1990) (codification of statute negates subsequent single subject or title challenge). We have considered all issues presented and conclude the judgment of the district court should be affirmed.

**AFFIRMED.**