STATE OF NORTH CAROLINA v. CARLTON P. JOHNSON

No. COA03-1123

(Filed 5 April 2005)

**1. Constitutional Law; Firearms and Other Weapons— possession of firearm by convicted felon—amendment of statute—not ex post facto law**

Defendant's conviction for possession of a firearm by a felon under N.C.G.S. § 14-415.1, as amended in 1995, does not violate the constitutional prohibitions against ex post facto laws even though defendant asserts that at the time of his prior felony conviction in 1983 the statute permitted him to possess a firearm five years after the date of discharge of the conviction, because: (1) the relevant time period to be considered when determining whether a statute creates an ex post facto law is the date on which the criminal offense defendant is currently being charged with was committed, which in the instant case was 15 December 2001; (2) no ex post facto problem occurs when the legislature creates a new offense that includes a prior conviction as an element of the offense as long as the other relevant conduct took place after the law was passed; (3) by 2001, defendant had more than adequate notice that it was illegal for him to possess a firearm based on his status as a convicted felon, and he could have conformed his conduct to the requirements of the law; (4) N.C.G.S. § 14-415.1 does not aggravate a crime or make it greater than it was at the time of its commission; and (5) the amendment to N.C.G.S. § 14-415.1 constituted a retroactive civil or regulatory law and as such does not violate the ex post facto clause.

**2. Constitutional Law; Firearms and Other Weapons— possession of firearm by convicted felon—amendment of statute—not bill of attainder**

The 1995 amendment to N.C.G.S. § 14-415.1 regarding possession of a firearm by a convicted felon did not constitute an unconstitutional bill of attainder even though defendant contends it stripped him of his restored right to possess a handgun, because: (1) nothing in N.C.G.S. § 14-415.1 indicates the legislature enacted it as a form of retroactive punishment, nor does it fall within the historical meaning of punishment; (2) defendant's conviction was not punishment imposed without judicial process

STATE v. JOHNSON

[169 N.C. App. 301 (2005)]

since he received a trial; and (3) the disability this law imposes can be said to further the nonpunitive legislative purpose of lessening the danger to the public in the case of convicted felons and is not excessive in light of that purpose.

**3. Constitutional Law— possession of firearm by convicted felon—due process—vested right—right to bear arms**

The 1995 amendment to N.C.G.S. § 14-415.1 regarding possession of a firearm by a convicted felon did not have the effect of unconstitutionally stripping defendant of a vested right in violation of due process, because: (1) the right to bear arms is not absolute, but is subject to regulation that is reasonable and related to the achievement of preserving public peace and safety; (2) the pertinent regulation is reasonably related to further securing the public's safety; and (3) defendant has not been completely divested of his right to bear arms as N.C.G.S. § 14-415.1 allows him to possess a firearm at his home or place of business.

Appeal by defendant from judgment entered 28 March 2003 by Judge Kenneth F. Crow in New Hanover County Superior Court. Heard in the Court of Appeals 25 August 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Robert C. Montgomery, for the State.*

*William T. Peregoy, for defendant-appellant.*

STEELMAN, Judge.

Defendant, Carlton P. Johnson, appeals his conviction for possession of a firearm by a convicted felon. For the reasons discussed herein, we find no error.

## I. Background

Defendant was convicted on 31 January 1983 of felonious sale and delivery of cocaine. On 15 December 2001, during a traffic stop, a police officer found a .38 caliber revolver in defendant's possession. Defendant was indicted and found guilty by a jury for the felony of possession of a firearm by a felon pursuant to N.C. Gen. Stat. § 14-415.1. The trial court sentenced defendant to twelve to fifteen months imprisonment, but suspended the sentence and placed defendant on probation. Defendant appeals.

STATE v. JOHNSON

[169 N.C. App. 301 (2005)]

## II. Issues

The issues presented on appeal are whether the application of N.C. Gen. Stat. § 14-415.1, as amended in 1995, to defendant: (1) violates the constitutional prohibitions against *ex post facto* laws; (2) constitutes an unconstitutional bill of attainder; and (3) had the effect of unconstitutionally stripping defendant of a vested right in violation of due process.

## III. Felony Firearms Act: N.C. Gen. Stat. § 14-415.1

In 1971, the General Assembly enacted the Felony Firearms Act, N.C. Gen. Stat. § 14-415.1, which made unlawful the possession of a firearm by any person previously convicted of a crime punishable by imprisonment of more than two years. N.C. Gen. Stat. § 14-415.2 set forth an exemption for felons whose civil rights had been restored. 1971 N.C. Sess. Laws ch. 954, § 2.

In 1975, the General Assembly repealed N.C. Gen. Stat. § 14-415.2 and amended N.C. Gen. Stat. § 14-415.1 to ban the possession of firearms by persons convicted of *certain* crimes for five years after the date of "such conviction, or unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such convictions, whichever is later." 1975 N.C. Sess. Laws ch. 870, § 1. This was the law in effect in 1983 when defendant was convicted of a felony covered by the statute and in 1985 when his conviction was unconditionally discharged.

In 1995, the General Assembly amended N.C. Gen. Stat. § 14-415.1 to prohibit possession of certain firearms by *all* persons convicted of any felony. 1995 N.C. Sess. Laws ch. 487, § 3. The statute now provides, "[i]t shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm . . . ." N.C. Gen. Stat. § 14-415.1(a) (2004). The current statute applies to "[f]elony convictions in North Carolina that occur before, on, or after 1 December 1995." N.C. Gen. Stat. § 14-415.1(b)(1).

## IV. Ex Post Facto Law

[1] In his first assignment of error, defendant contends his conviction for possession of a firearm by a felon, in violation of N.C. Gen. Stat. § 14-415.1, violates the constitutional prohibition against *ex post facto* laws and should be vacated. Defendant asserts that at the time of his previous felony conviction in 1983, N.C. Gen. Stat. § 14-415.1

permitted him to possess a firearm five years after the date of discharge of the conviction, and thus, his conviction under N.C. Gen. Stat. § 14-415.1 as amended in 1995, violates the *ex post facto* clauses of the United States and North Carolina Constitutions. He argues the 1995 amendment to the statute changed the law to retroactively deprive him of his formerly restored right and punished him for conduct that was not previously criminal. We disagree.

"The United States and the North Carolina Constitutions prohibit the enactment of *ex post facto* laws." *State v. Wiley*, 355 N.C. 592, 625, 565 S.E.2d 22, 45 (2002) (citing U.S. Const. art. I, § 10 which provides "No state shall . . . pass any bill of attainder, *ex post facto* law, or law impairing the obligation of contracts . . . ." and N.C. Const. art. I, § 16 which states "Retrospective laws, punishing acts committed before the existence of such laws and by them only declared criminal, are oppressive, unjust, and incompatible with liberty, and therefore no ex post facto law shall be enacted"), *cert. denied*, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003). We will consider defendant's state and federal constitutional arguments jointly, as both the state and federal constitutional *ex post facto* provisions are evaluated under the same standard. *Wiley*, 355 N.C. at 625, 565 S.E.2d at 45.

The prohibition against the enactment of *ex post facto* laws applies in four instances:

> '1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates a crime*, or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence*, and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender*.'

*Id.* (quoting *Collins v. Youngblood*, 497 U.S. 37, 42, 111 L. Ed. 2d 30, 38-39 (1990) (emphasis in original).

### A. Criminalizing An Act That Was Innocent When Committed

The overwhelming majority of courts have held that a statute which forbids possession of a firearm by a convicted felon does not violate the *ex post facto* clause even when the felony for which the defendant was convicted took place before the enactment of the statute. *See United States v. O'Neal*, 180 F.3d 115, 124-25 (4th Cir.

1999); *United States v. Mitchell*, 209 F.3d 319, 333 (4th Cir.), *cert. denied*, 31 U.S. 849, 148 L. Ed. 2d 78 (2000) (citing cases); *United States v. Brady*, 26 F.3d 282, 291 (2d Cir.), *cert. denied*, 513 U.S. 894, 130 L. Ed. 2d 168 (1994); *State v. Peters*, 622 N.W.2d 918, 924-25 (Neb.), *cert. denied*, 533 U.S. 952, 150 L. Ed. 2d 754 (2001); *State v. Swartz*, 601 N.W.2d 348, 351 (Iowa 1999), *cert. denied*, 528 U.S. 1167, 145 L. Ed. 2d 1094 (2000); *People v. Tice*, 558 N.W.2d 245, 247 (Mich. App. 1996); *Dodson v. Commonwealth*, 476 S.E.2d 512, 516-18 (Va. App. 1996); *Finley v. State*, 666 S.W.2d 701, 703 (Ark. 1984); *Landers v. State*, 299 S.E.2d 707 (Ga. 1983); *State v. Williams*, 358 So. 2d 943, 946 (La. 1978).

The relevant time period to be considered when determining whether a statute creates an *ex post facto* law is the date on which the criminal offense the defendant is currently being charged with was committed. *Wiley*, 355 N.C. at 626, 565 S.E.2d at 46. *C.f. State v. White*, 162 N.C. App. 183, 198, 590 S.E.2d 448, 458 (2004) (holding that although the defendant's conviction requiring him to register as a sex offender occurred in 1995, the legislature's amendment in 1998 to the statutory registration requirement did not create an *ex post facto* law because the "defendant violated the registration requirements in 2001, three years after the change in the law."); *Landers*, 299 S.E.2d at 710. Here, the relevant time period is not the date of defendant's prior 1983 felony conviction, but 15 December 2001, the date of the offense charged in this case.

We concur with the majority of jurisdictions that hold the *ex post facto* clause is not violated under the circumstances in this case. " 'It is hornbook law that no *ex post facto* problem occurs when the legislature creates a new offense that includes a prior conviction as an element of the offense, as long as the other relevant conduct took place after the law was passed.' " *State v. White*, 162 N.C. App. at 197, 590 S.E.2d at 457 (quoting *Russell v. Gregoire*, 124 F.3d 1079, 1088-89 (9th Cir. 1997), *cert. denied*, 523 U.S. 1007, 140 L. Ed. 2d 321 (1998)). N.C. Gen. Stat. § 14-415.1 as amended applies to defendant because he has the status of a convicted felon, although he acquired that status in 1983, prior to the amendment. The Felony Firearms Act applies to the possession of a firearm that occurs after the effective date of the statute. Defendant was found guilty of possession of a firearm five years after the 1995 amendment to the statute took effect. By 2001, defendant had more than adequate notice that it was illegal for him to possess a firearm because of his status as a convicted felon, and he could have conformed his conduct to the requirements of the

law. *Accord Brady*, 26 F.3d at 291. Furthermore, defendant's possession of a handgun in violation of N.C. Gen. Stat. § 14-415.1 was neither done before the passing of the law, nor innocent when done.

### B. Aggravating a Crime

As stated above, any law that " '*aggravates a crime*, or makes it *greater* than it was, when committed' " is prohibited as an *ex post facto* law. *Wiley*, 355 N.C. at 625, 565 S.E.2d at 45 (emphasis in original) (citations omitted).

An example of this type of law is discussed in the South Dakota case of *State v. Trower*, 629 N.W.2d 594 (S.D. 2001), which plaintiff relies upon. In 1990, Trower was convicted of a child sex offense. After his conviction that offense was redefined as a "crime of violence." *Id.* at 597. Under South Dakota law, persons convicted of a crime of violence were prohibited from possessing firearms. The court in *Trower* held the redefinition of the defendant's prior offense as a "crime of violence" violated the *ex post facto* clause. *Id.* at 598 (relying on the case of *United States v. Davis*, 936 F.2d 352 (8th Cir. 1991)).

We conclude this analysis is not applicable to the instant case. Defendant was convicted of a felony, sale and delivery of cocaine, in 1983. There have been no changes in the laws of North Carolina redefining this offense. It was a felony in 1983, it was a felony in 1995, 2001, and remains so today. Had the crime of the sale and delivery of cocaine been a misdemeanor in 1983 and had the legislature subsequently amended the statute to make it a felony, this might fall under the rationale of *Trower and Davis*[1].

N.C. Gen. Stat. § 14-415.1 does not aggravate a crime or make it greater than it was at the time of its commission.

### C. Increase In Punishment

The amendment to N.C. Gen. Stat. § 14-415.1 did not increase the punishment for defendant's prior felonies. As we stated above, the crime for which defendant is being punished is his violation of N.C. Gen. Stat. 14-415.1 in 2001, not his 1983 conviction. Defendant's punishment for his 1983 conviction was not increased; he was convicted

---

1. In *Trower*, the South Dakota Supreme Court acknowledged this distinction in its discussion of the Nebraska case of *State v. Peters*, 622 N.W.2d 918 (Neb. 2001). *Trower*, 629 N.W.2d at 598, fn.

of the new offense—possession of a firearm by a felon, one element of which was his earlier felony conviction. Therefore, the amendment to the Felony Firearms Act did not increase defendant's punishment for his prior felony in violation of the *ex post facto* clause. *See Landers* 299 S.E.2d at 710.

Further, the amendment to N.C. Gen. Stat. § 14-415.1 constituted a retroactive civil or regulatory law, and as such does not violate the *ex post facto* clause. *See White*, 162 N.C. App. at 192, 590 S.E.2d at 454 (holding that only laws which retroactively increase punishment or impose a penalty violate the *ex post facto* clause, but retroactive civil or regulatory ones generally do not). The United States Supreme Court has applied a two-part test to determine if a law retroactively imposes "punishment." *Id.* at 191-92, 590 S.E.2d at 454 (citing *Smith v. Doe*, 538 U.S. 84, 92, 155 L. Ed. 2d 164, 176 (2003)). First, the court must determine whether it was the legislature's intent to impose a punishment or merely enact a civil or regulatory law. *White*, 162 N.C. App. at 192, 590 S.E.2d at 454. In reaching this determination, the court may consider the structure and design of the statute along with any declared legislative intent. *Id.* Second, where it appears the legislature did not intend to impose a punishment, we must then consider whether the effect of the law is "so punitive as to negate any intent to deem the scheme civil." *Id.* (internal quotations marks and citations omitted). Stated another way, the second prong of the test " 'focuses upon whether the sanction or disability that the law imposes may rationally be connected to the legislature's non-punitive intent, or rather appears excessive in light of that intent.' " *United States v. Farrow*, 364 F.3d 551, 555 (4th Cir.) (holding the retroactive application to a defendant of N.C. Gen. Stat. § 14-415.1, as amended in 1995, did not violate the *ex post facto* clause) (citations omitted), *cert. denied*, —— U.S. ——, 160 L. Ed. 2d 150 (2004).

As to the first part of this test, after careful review we can find nothing in N.C. Gen. Stat. § 14-415.1 which indicates the legislature enacted it as a form of retroactive punishment. *See id.* (holding the reasoning in *O'Neal* directly applicable to N.C. Gen. Stat. § 14-415.1 as amended and concluding that just because the statute indefinitely bans a felon's right to possess a firearm does not manifest a punitive intent on the part of the legislature.) Nor does the codification of the statute in the state's criminal code suggest a punitive intent. *White*, 162 N.C. App. at 193, 590 S.E.2d at 455 (citing *Smith*, 538 U.S. at 94, 155 L. Ed. 2d at 178).

As to the second part of the test, we further conclude that the law is not so punitive in effect that it should be considered punitive rather than regulatory. This is demonstrated by the fact that:

> [t]he law remains rationally connected to the state's legitimate interest in protecting the public. It continues to exempt the possession of firearms within one's home or lawful place of business. The prohibition remains limited to weapons that, because of their concealability, pose a unique risk to public safety. Finally, the law affects only those persons who have been convicted of a felony and are thus "unfit[]to be entrusted with such dangerous instrumentalities." *O'Neal*, 180 F.3d at 124.

*Farrow*, 364 F.3d at 555 (referring to the current version of N.C. Gen. Stat. § 14-415.1). *See also Peters*, 622 N.W.2d at 925 (noting that such amendments are generally not viewed as further punishment for the underlying felony, but as a proscription on a felon's future conduct).

Defendant relies on several cases in support of his argument that the North Carolina statute is an *ex post facto* law. The first of which is *United States v. Davis*, 936 F.2d 352 (8th Cir. 1991), *cert. denied*, 503 U.S. 908, 117 L. Ed. 2d 486 (1992). In *Davis*, the defendant was convicted in 1971 as a violent felon and the law in effect in Minnesota at that time provided that a felon's civil rights would be fully restored upon the completion of his sentence and subsequent discharge from the state's custody. *Id.* at 356. Under the law as it existed at the time of the defendant's conviction, his rights would have been restored in 1976, allowing him to possess a pistol. *Id.* However, in 1975 while the defendant was on still on parole, Minnesota passed a law prohibiting violent felons from owning a pistol unless ten years had elapsed since the person had been restored his civil rights or the sentence had expired. *Id.* The Eighth Circuit held it would be a violation of the *ex post facto* clause to apply the 1975 Minnesota law to the defendant's 1971 conviction. *Id.* at 357. However, the holding in *Davis* has been heavily criticized for failing to consider whether the additional disentitlement period was punitive or merely civil in nature. *See O'Neal*, 180 F.3d at 125 (finding *Davis* unpersuasive because the reviewing court "assumed an answer to the very question at issue—whether the change in Davis' right to possess firearms imposed 'punishment' "). Other courts have found *Davis* inapplicable in cases involving statutes forbidding possession of a firearm by a felon since *Davis* did not involve a conviction for possession of a firearm by a felon. *See Swartz*, 601 N.W.2d at 350. We find the reasons articulated in both *O'Neal* and *Swartz* to be persuasive and elect to follow their reason-

ing, declining to apply the holding in *Davis* to cases involving the application of a statute prohibiting the possession of a firearm by a convicted felon.

Defendant also relies on *State v. Keith*, 63 N.C. 140 (1869) and *Stroger v. California*, 539 U.S. 607, 156 L. Ed. 2d 544 (2003). Each of which is distinguishable from the facts in the instant case. The holding in *State v. Keith*, is inapplicable for two reasons: (1) in this case defendant was never pardoned or exonerated for his crimes as was the defendant in *Keith*; and (2) in *Keith*, the state was attempting to use the *repeal* of a statute to prosecute the defendant for a crime which it earlier would not have been able to charge him with, while in the instant case defendant's violation of N.C. Gen. Stat. § 14-415.1 came almost six years *after* the statute was amended. The holding in *Stogner v. California*, is also inapplicable to the facts in this case. In *Stogner*, the Supreme Court held that where a law attempted to allow for the prosecution of a crime for which the statute of limitations had already expired was an *ex post facto* violation. 539 U.S. at 610, 156 L. Ed. 2d at 551. This is not the case here. The prosecution of defendant for violation of the Felony Firearms Act was not barred by the statute of limitations, nor does the Act attempt to allow for the prosecution of the crime where the statute of limitations has already expired.

### D. Alteration of the Rules of Evidence

This fourth category of *ex post facto* laws is not implicated in this case, therefore we do not address it.

### E. Holding Regarding Ex Post Facto Law

We hold that N.C. Gen. Stat. § 14-415.1 punishes defendant for the specific conduct of possession of a firearm by a convicted felon. It does not punish him for the underlying 1983 felony conviction, but rather his conduct in 2001. Accordingly, we agree with the reasoning in *Farrow* and hold that the application of N.C. Gen. Stat. § 14-415.1 to defendant does not violate the *ex post facto* clause of either the North Carolina or United States Constitutions. This assignment of error is without merit.

### V. Bill of Attainder

[2] In defendant's second assignment of error, he contends the 1995 amendment to N.C. Gen. Stat. § 14-415.1 amounts to an unconstitutional bill of attainder because it stripped him of his restored right to possess a handgun.

A bill of attainder is a legislative act which inflicts punishment on a particular individual or a designated group of persons without a judicial trial. *United States v. Lovett*, 328 U.S. 303, 315, 90 L. Ed. 1252, 1259 (1946). A bill of attainder is prohibited by the U.S. and North Carolina Constitutions. *See* U.S. Const. art. I, § 10; N.C. Const. art. I, § 16. "If the punishment [imposed is] less than death, the act is termed a bill of pains and penalties. Within the meaning of the Constitution, bills of attainder include bills of pains and penalties." *Lovett*, 328 U.S. at 315, 90 L. Ed. at 1259. The United States Supreme Court established the test for determining whether a legislative act amounts to a bill of pains and penalties:

> In deciding whether a statute inflicts forbidden punishment, we have recognized three necessary inquiries: (1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute, "viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes"; and (3) whether the legislative record "evinces a congressional intent to punish."

*Selective Serv. Sys. v. Minnesota Pub. Interest Research Group*, 468 U.S. 841, 852, 82 L. Ed. 2d 632, 643 (1984) (citations omitted).

As we discussed in section I, we found nothing in N.C. Gen. Stat. § 14-415.1 which indicates the legislature enacted it as a form of retroactive punishment, nor does it fall within the "historical meaning of punishment." Furthermore, defendant's conviction was not "punishment imposed without judicial process." He received a jury trial. Defendant is not being punished for belonging to a designated class of people, but for his violation of a statute which we held was validly imposed upon that group through the legislative process. *See Swartz*, 601 N.W.2d at 351 (holding same). As discussed above, the disability this law imposes can be said to further the non-punitive legislative purpose of lessening the danger to the public in the case of convicted felons and is not excessive in light of that purpose.

Consequently, we find that the statutory prohibition of N.C. Gen. Stat. § 14-415.1 against felons possessing firearms outside of their home or business does not constitute a prohibited bill of attainder.

## VI. Due Process

[3] In defendant's third and final assignment of error, he contends the application of N.C. Gen. Stat. § 14-415.1, as amended in 1995, vio-

lates his right to due process. Defendant asserts that in 1990 he regained his right to possess a handgun and that right became vested at that time.

A statute cannot be applied retrospectively if it "will interfere with rights that have 'vested' ". *Gardner v. Gardner*, 300 N.C. 715, 718-19, 268 S.E.2d 468, 471 (1980). "A vested right is a right 'which is otherwise secured, established, and immune from further legal metamorphosis.' " *Bowen v. Mabry*, 154 N.C. App. 734, 736, 572 S.E.2d 809, 811 (2002) (citations omitted). However, our case law has "consistently pointed out that the right of individuals to bear arms is not absolute, but is subject to regulation." *State v. Dawson*, 272 N.C. 535, 546, 159 S.E.2d 1, 9 (1968). The only requirement is that the regulation must be reasonable and be related to the achievement of preserving public peace and safety. *Id.* at 547, 159 S.E.2d at 10. *See also State v. Fennell*, 95 N.C. App. 140, 143-44, 382 S.E.2d 231, 233 (1989). As we discussed above, the regulation is reasonably related to further securing the public's safety. Furthermore, defendant has not been completely divested of his right to bear arms as N.C. Gen. Stat. § 14-415.1 allows him to possess a firearm at his home or place of business.

For these reasons, N.C. Gen. Stat. § 14-415.1 as amended does not violate defendant's right to due process. This assignment of error is without merit.

## VII.  Conclusion

For the reasons discussed herein, we conclude the retroactive application of N.C. Gen. Stat. § 14-415.1 to defendant does not violate the prohibition against *ex post facto* laws and bills of attainder, nor does it strip defendant of a vested right. Accordingly, we find the trial court did not error and affirm defendant's conviction.

NO ERROR.

Judges HUDSON and BRYANT concur.