# IN THE COURT OF APPEALS OF IOWA

No. 18-0351
Filed January 23, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KATHY JO PERRY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John C. Nelson, District Associate Judge.

Kathy Jo Perry appeals the restitution provisions of her sentence for driving while her license was barred. **CONVICTION AFFIRMED; SENTENCE PARTIALLY VACATED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

Kathy Jo Perry appeals the sentencing order following her guilty plea to driving while her license was barred. She contends the district court erred by ordering her to pay restitution for attorney fees and correctional costs without determining the amounts of those obligations. The sentencing order declared Perry was reasonably able to pay attorney fees but was silent about her ability to pay other court costs. We agree with Perry that the district court abused its discretion in finding her able to pay attorney fees without knowing the full amount owed. Accordingly, we remand for a corrected sentencing order.

## I. Facts and Prior Proceedings

In November 2017, Sioux City police arrested Perry for driving while her license was barred. She pleaded guilty to an aggravated misdemeanor, and the court sentenced her to twenty days in jail, suspending a $625 fine. The court also ordered her to pay court costs and attorney fees. For court costs, specifically for correctional fees, the court directed the Woodbury County Sheriff to file a claim for reimbursement. The court further ordered, "The Defendant shall pay not less than $50 monthly and the first payment shall be due within 30 days from the date of this order, until the fine, surcharges, restitution (if ordered) and court costs are paid in full." In the final line of the sentencing order, the court found, "Upon review the court FINDS that Defendant is reasonably able to pay attorney fees." Perry appeals the restitution aspects of the sentencing order.

## II. Discussion

Perry asserts the district court abused its discretion in ordering her to pay restitution for correctional costs and attorney fees without determining the amount

of those obligations. We review her restitution challenge for correction of errors at law. *See State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018).

The district court must impose restitution in all cases of criminal conviction. *See* Iowa Code § 910.2 (2017). The court orders victim restitution, fines, penalties, and surcharges without considering the defendant's ability to pay. *Id.* § 910.2(1). But the court may impose other restitution costs, including correctional fees under section 356.7 and court-appointed attorney fees, only to the extent it determines the offender is reasonably able to pay. *Id.*

> At the time of sentencing or at a later date to be determined by the court, the court shall set out the amount of restitution . . . and the persons to whom restitution must be paid. If the full amount of restitution cannot be determined at the time of sentencing, the court shall issue a temporary order determining a reasonable amount for restitution identified up to that time. At a later date as determined by the court, the court shall issue a permanent, supplemental order, setting the full amount of restitution. The court shall enter further supplemental orders, if necessary. These court orders shall be known as the plan of restitution.

*Id.* § 910.3.

An offender dissatisfied with the amount of restitution required by the plan of restitution may petition the district court for a modification under section 910.7. *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999).

The determination of whether the offender is reasonably able to pay is a constitutional safeguard. *Goodrich v. State*, 608 N.W.2d 774, 776 (Iowa 2000). On appeal, the defendant bears the burden to show either a failure to exercise discretion or an abuse of discretion in relation to that determination. *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). "A determination of reasonableness, especially in a case of long-term incarceration, is more appropriately based on the

inmate's ability to pay the current installments than his ability to ultimately pay the total amount due." *Id.* at 649.

In its sentencing order, the court directed Perry to pay correctional costs and attorney fees without information concerning the amounts owed.[1] The court declared Perry was reasonably able to pay attorney fees, but did not address her ability to pay jail costs. Perry claims the court abused its discretion by making that ability-to-pay finding without factual support.

The State insists Perry's contention is not ripe because, at sentencing, the plan of restitution was not complete—no amounts were included in the order. The State argues, "a district court is not required to consider a defendant's reasonable ability to pay until 'the plan of restitution contemplated by Iowa Code section 910.3 [i]s complete,'" thus the appeal is premature. *See State v. Jackson*, 601 N.W.2d at 357; *see also State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999) (finding challenge to sentencing court's failure to determine ability to pay premature because (1) the plan of restitution was not complete when notice of appeal was filed and (2) no basis for review existed until the offender petitioned the district court for modification under section 910.7). Taking the response a bit further, the State also asserts Perry cannot "directly appeal the court's reasonable-ability-to-pay determination—or lack thereof—until she moves" for a modification under Iowa Code section 910.7. *See Swartz*, 601 N.W.2d at 354.

---

[1] Our record does not include a fee claim from the sheriff's office or an attorney fee claim from the clerk of court. Neither does it include any supplemental court orders setting the total amount of restitution.

We start with the justiciability question. In *State v. Jose*, our supreme court found the restitution amount is part of a sentencing order and therefore directly appealable, "as are all orders incorporated in the sentence." 636 N.W.2d 38, 45 (Iowa 2001) (citing *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984)). Interpreting *Jose* and *Janz*, our court concluded a defendant may appeal a restitution order— "including the court's failure to consider his [or her] ability to pay"—when the plan of restitution and the restitution plan of payment were part of the sentencing order. *State v. Kurtz*, 878 N.W.2d 469, 472 (Iowa Ct. App. 2016).

But neither the *Janz/Jose/Kurtz* trilogy nor the *Jackson/Swartz* line of cases directly addresses the problem with the sentencing order identified by Perry. Here, the district court decided Perry had the reasonable ability to pay restitution for attorney fees before it entered an order constituting the final plan of restitution. Under similar facts, we have decided the sentencing court abused its discretion by issuing an affirmative finding of a defendant's ability to pay without knowing the total amount—or even a reasonable estimate—of the restitution owed.[2] *See State v. Campbell*, No. 15-1181, 2016 WL 4543763, at *4 (Iowa Ct. App. Aug. 31, 2016) (remanding for correction of sentencing order); *see also State v. Pace*, No. 16-

---

[2] We acknowledge our cases have been inconsistent on this point. In some instances, we have declined to hear a challenge to a restitution order as premature. *See, e.g.*, *State v. McMurry*, No. 16-1722, 2017 WL 4317302, at *4 (Iowa Ct. App. Sept. 27, 2017) (concluding where sentencing court found McMurry able to pay "$___", the ruling was either a final determination McMurry was able to pay $0.00 or a nonfinal "nonstatement" requiring further hearing and ruling on a "final plan of restitution" and either way was a "nonissue" for the court); *State v. Brown*, No. 16-1118, 2017 WL 2181568, at *2, *5–6, (Iowa Ct. App. May 17, 2017) (finding no basis to address issue where district court found Brown reasonably able to pay and ordered unknown amounts for pecuniary damages and court costs). To address this inconsistency, our supreme court has retained several cases involving the reviewability of restitution orders. *See State v. Albright* (No. 17-1286); *State v. Smith* (No. 18-0184); *State v. Covel*, (No. 18-0678).

1785, 2018 WL 1442713, at *3 (Iowa Ct. App. Mar. 21, 2018) (finding district court abused its discretion by determining Pace was able to pay jail fees without knowing the amount). While the district court was not required to determine Perry's ability to pay attorney fees until it issued the plan of restitution, it nonetheless did so. As in *Campbell* and *Pace*, such a premature determination, lacking in evidentiary support, should be stricken from the sentencing order.[3]

We vacate the aforementioned portion of the sentencing order and remand to the district court for further proceedings to determine the amount of attorney fees owed and Perry's reasonable ability to pay. If Perry believes the forthcoming plan of restitution does not reflect her ability to pay, she may petition the district court for modification under Iowa Code section 910.7. *See* Iowa Code § 910.7; *see also Swartz*, 601 N.W.2d at 354.

The court also ordered Perry to pay jail fees. *See* Iowa Code § 356.7. It did not determine the amount of those fees, nor did it find Perry was reasonably able to pay them. Failure to make an ability-to-pay determination without finalizing the plan of restitution is not an appealable error. *See Jackson*, 601 N.W.2d at 357; *Swartz*, 601 N.W.2d at 354. Accordingly, Perry's contention the court abused its discretion by ordering her to pay jail fees is not ripe for our review. Once the district court finalizes a plan of restitution and determines what amount she is reasonably able to pay, she may raise a challenge under section 910.7.

**CONVICTION AFFIRMED; SENTENCE PARTIALLY VACATED AND REMANDED.**

---

[3] The sentencing order also arguably contains a premature plan of payment as it requires Perry to pay $50 per month and gives a starting date of thirty days.