# IN THE COURT OF APPEALS OF IOWA

No. 18-0446
Filed January 23, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HAROLD LATHROP,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

        A defendant appeals his sentence and restitution order after pleading guilty to theft and driving while barred.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

Harold Lathrop challenges his sentence for second-degree theft and driving while barred. First, he contends the district court did not provide sufficient reasons for the sentence imposed. Second, he argues the district court abused its discretion by holding him responsible for an unknown amount of restitution without determining he had the reasonable ability to pay. Because the district court gave effect to the parties' plea agreement when imposing the sentence and had not yet issued the final plan of restitution, we affirm.

## I. Facts and Prior Proceedings

Lathrop faced criminal charges for writing an insufficient-funds check to Menards and driving his truck to pick up the merchandise without a valid license. After reaching an agreement with the State, Lathrop pleaded guilty to second-degree theft and driving while barred. In exchange, the State dismissed several less serious charges and recommended terms of imprisonment, fines, costs, and restitution. During the plea hearing, the court heard the negotiated provisions and ensured the parties' assent to the terms. Consistent with those terms, the court imposed indeterminate two-year and five-year prison sentences to run concurrently.

In a February 2018 judgment entry, the court ordered Lathrop to pay victim restitution of $1137.16, court costs including correctional fees "as certified by the Sheriff,"[1] and court-appointed attorney fees. In the judgment entry, the court did not determine Lathrop's reasonable ability to pay restitution. Lathrop appeals.

---

[1] Ten days later, the Marshall County Sheriff filed a reimbursement claim totaling $3069.36.

## II. Analysis

### A. Reasons for Sentence

We review sentencing decisions for an abuse of discretion. *State v. Crooks*, 911 N.W.2d 153, 161 (Iowa 2018). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to "state on the record its reason for selecting the particular sentence." *Id.* at 273. This requirement "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court." *Id.* (citing *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000)). Even a "terse and succinct" statement may be sufficient, so long as it does not impede our review. *State v. Null*, 836 N.W.2d 41, 51 (Iowa 2013).

At the plea hearing, Lathrop waived the court's use of a presentence investigation report and proceeded to sentencing. The State recited the plea agreement; Lathrop and his counsel expressed their assent. The court then stated, "[T]he plea of guilty was made pursuant to the plea agreement, and I'll tell you now, Mr. Lathrop, that I will be adopting the recommendations that have been made by the attorneys here today, and we'll accept those." Lathrop does not allege the State or the court deviated from the agreed-upon provisions.

On appeal, Lathrop notes he was eligible for a suspended term because neither of his convictions was a forcible felony. He complains the sentencing court failed to provide "any additional detailed reason" for sending him to prison.

But, in *State v. Snyder*, our supreme court found where the district court accepted the parties' plea agreement and incorporated it into the sentence, "failure by the court to furnish reasons for the sentence was harmless."[2] 336 N.W.2d 728, 729 (Iowa 1983); *see also State v. Thacker*, 862 N.W.2d 402, 408–09 (Iowa 2015); *State v. Cason*, 532 N.W.2d 755, 756–57 (Iowa 1995) (per curiam). Where the court accepted the plea agreement, "[t]he sentence of imprisonment was . . . not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement." *Snyder*, 336 N.W.2d at 729.

"[A] sentencing court does not abuse its discretion for failing to state sufficient reasons for imposing a sentence if it 'was merely giving effect to the parties' agreement.'" *Thacker*, 862 N.W.2d at 409 (quoting *Snyder*, 336 N.W.2d at 729.) But, when a court elects not to follow the plea bargain, it must state on the record the reasons for exercising its discretion in imposing a different sentence. *Id.* (citing *State v. Thompson*, 856 N.W.2d 915, 920–21 (Iowa 2014)).

Lathrop argues the rationale of *Snyder* does not apply here because the court was not bound by the plea agreement. Because it had discretion to depart from the plea, Lathrop insists the court should have given a full explanation of its sentencing decision. We disagree with his contention *Snyder* and its progeny require a detailed exposition of the court's reasons for imposing a certain sentence when the court explains it is giving effect to the terms of the plea agreement. *See Cason*, 532 N.W.2d at 757. The sentencing court did not abuse its discretion.

---

[2] In *Snyder*, the court did state, "[T]he better practice is for the court to state reasons in every case, even those in which it has no discretion." *Snyder*, 336 N.W.2d at 729..

**B. Restitution**

Lathrop next contends the district court erred in ordering restitution without determining his reasonable ability to pay. We review restitution challenges[3] for errors at law. *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018).

The district court must impose restitution in all cases of criminal conviction. Iowa Code § 910.2 (2018). The court orders victim restitution, fines, penalties, and surcharges without considering the defendant's ability to pay. *Id.* § 910.2(1). But the court may impose restitution only to the extent it determines the offender is reasonably able to pay other costs, including correctional fees under section 356.7 and court-appointed attorney fees. *Id.*

> At the time of sentencing or at a later date to be determined by the court, the court shall set out the amount of restitution . . . and the persons to whom restitution must be paid. If the full amount of restitution cannot be determined at the time of sentencing, the court shall issue a temporary order determining a reasonable amount for restitution identified up to that time. At a later date as determined by the court, the court shall issue a permanent, supplemental order, setting the full amount of restitution. The court shall enter further supplemental orders, if necessary. These court orders shall be known as the plan of restitution.

*Id.* at § 910.3.

An offender dissatisfied with the amount of restitution required by the plan may petition the district court for a modification under section 910.7. *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999).

---

[3] In *State v. Jose*, our supreme court found the amount of restitution is a part of a sentencing order and therefore directly appealable, "as are all orders incorporated in the sentence." 636 N.W.2d 38, 45 (Iowa 2001) (citing *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984)).

The determination of whether the offender is reasonably able to pay is a constitutional safeguard. *Goodrich v. State*, 608 N.W.2d 774, 776 (Iowa 2000). On appeal, the defendant bears the burden to show either a failure to exercise discretion or an abuse of discretion in relation to the reasonable-ability-to-pay determination. *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). "A determination of reasonableness, especially in a case of long-term incarceration, is more appropriately based on the inmate's ability to pay the current installments than his ability to ultimately pay the total amount due." *Id.* at 649.

Lathrop contends the court erred in not determining his reasonable ability to pay the restitution amounts ordered for court costs and attorney fees. He emphasizes the sheriff has now filed a reimbursement claim so at least one figure subject to the reasonable-ability-to-pay requirement is known.

The State counters Lathrop's challenge is not ripe because the court has not ordered a permanent plan of restitution. We agree the court is not obliged to determine the defendant's reasonable ability to pay until a "plan of restitution contemplated by Iowa Code section 910.3 [i]s complete." *State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999); *see also Swartz*, 601 N.W.2d at 354 (finding challenge to sentencing court's failure to determine Swartz's ability to pay premature because (1) the plan of restitution was not complete when notice of appeal was filed and (2) appellate court had no basis for review until offender petitioned for modification under Iowa Code section 910.7).

Here, the judgment entry set an amount of victim restitution ($1137.16 to Menards) but did not include amounts for court-appointed attorney fees or jail fees. The district court left those amounts to be determined and did not evaluate

Lathrop's reasonable ability to pay them. Although not explicit in the judgment entry, the fact that those amounts were not yet known and the court's order directing the sheriff's office to file its reimbursement claim show the restitution provision was a temporary order as described in section 910.3. The court would be required to set out the full plan of restitution in a permanent, supplemental order.[4] *See* Iowa Code § 910.3. Under *Jackson* and *Swartz*, until the plan of restitution was complete, the court had no obligation to make an ability-to-pay evaluation. Therefore, Lathrop's challenge is not ripe.[5]

**AFFIRMED.**

---

[4] The judgment entry did state: "Payment of court debt is due immediately and shall be considered delinquent if not paid within 30 days." The legislature defined "court debt" as "all fines, penalties, court costs, fees, forfeited bail, surcharges under chapter 911, victim restitution, court-appointed attorney fees . . . or fees charged pursuant to section 356.7 or 904.108." Iowa Code § 602.8107(1)(a). On appeal, Lathrop does not focus on the reference to "court debt" in the judgment entry. But we do not believe the amounts owed for court-appointed attorney and jail fees could be due until the plan of restitution and a plan of payment were complete. *See* Iowa Code §§ 910.3, 910.4, 910.6.

[5] We contrast this case with another decision filed today, *State v. Perry*, No. 18-0351, 2019 WL _____, at *___ (Iowa Ct. App. Jan. 23, 2019). In *Perry*, the sentencing court entered orders for restitution for amounts not yet determined but also *made an explicit determination* Perry was reasonably able to pay them. *Perry*, 2019 WL _____, at *___. The court's premature determination constitutes an abuse of discretion. *Perry*, 2019 WL _____, at *___.