**In the Interest of S.M.M., A Minor Child, Appellant.**

No. 96–576.

Supreme Court of Iowa.

Jan. 22, 1997.

Michael K. Williams, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Thomas S. Mullin, County Attorney, and Dewey P. Sloan, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and TERNUS, JJ.

LARSON, Justice.

On October 7, 1994, S.M.M. was adjudicated to be a juvenile delinquent based on the offense of second-degree sexual abuse, Iowa Code §§ 709.1(3), 709.3(2) (1993). The act was committed on April 29, 1994. On March 20, 1996, the juvenile court ordered S.M.M. to register as a sexual offender under Iowa Code chapter 692A (West Supp.1996). S.M.M. appealed on the grounds that (1) chapter 692A is ex post facto as to him because it was not effective until after his offense; (2) the statute is void for vagueness; and (3) in any event, he is not covered by the terms of the statute.

## I. *The Ex Post Facto Issue.*

In *State v. Pickens,* 558 N.W.2d 396, 400 (Iowa 1997), we held that chapter 692A is a regulatory or remedial statute, not punitive, and is therefore not ex post facto when applied retroactively. That case controls here, and we therefore reject S.M.M.'s first argument.

## II. *The Vagueness Argument.*

■ S.M.M.'s vagueness argument is directed to Iowa Code section 692A.2(1), which provides that

[a] person who is convicted . . . of either a criminal offense against a minor or a sexually violent offense as a result of adjudication of delinquency in juvenile court shall not be required to register as required in this chapter *if the juvenile court*

*finds that the person should not be required to register under this chapter.*

(Emphasis added.)

He argues that this provision fails to "provide an explicit standard for those who apply it," *State v. Pierce,* 287 N.W.2d 570, 573 (Iowa 1980), because it does not provide guidance for the juvenile court in deciding whether to relieve a juvenile offender of the duty to register. S.M.M. contends that

[c]learly, the legislature wanted to give the juvenile courts of the state the ability to make an exception for some juveniles. The problem is that the legislature kept it a secret about which juveniles should be excepted from the requirement to register. As such, the statute is void for vagueness.

The State responds in two ways. First, because a vagueness challenge is grounded in the due process clauses of the federal and state constitutions, *State v. Osmundson,* 546 N.W.2d 907, 908 (Iowa 1996), a challenger must have at stake an interest in life, liberty, or property. *See* U.S. Const. amends. V, XIV; Iowa Const. art. I, § 9; *Goldberg v. Kelly,* 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287, 295–96 (1970).

The State argues that the only injury S.M.M. may suffer is one to his reputation, but reputation alone is not a property or liberty interest sufficient to invoke procedural due process protection. *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405, 414 (1976) (circulation of a police flyer identifying plaintiff as a shoplifter did not deprive him of liberty or property interest); *accord Roth v. Reagen,* 422 N.W.2d 464, 467–68 (Iowa 1988) (reputation not property interest for due process purposes).

Second, the State argues that the statute is not vague; it presumes that all offenders, including juveniles, are required to register, and the only exception is if the juvenile court in its discretion decides registration should be waived. The burden is on the juvenile to establish that he is entitled to an exception. We agree with the State on both grounds; S.M.M. does not assert a property right sufficient to claim a due process deprivation.

Moreover, the statute is not unconstitutionally vague as applied to him.

The juvenile court's order requiring S.M.M. to register recited the facts of his offense and summarized his performance under juvenile court supervision. It construed section 692A.2(1) as providing a presumption of registration with discretion in the juvenile court to excuse registration if that is justified. The court then stated:

> The court ... finds that as a matter of law there is no basis upon which the court should not require registration pursuant to subsection 692A.2(1)....

S.M.M. argues that section 692A.2(1) could just as readily be construed to create a presumption in *favor* of excusing registration. The wording of the statute, however, does not support that construction. It begins with the general requirement that all offenders in the specified group of crimes be required to register, then allows a juvenile court to excuse registration in some cases. Here, the court concluded that there were no facts to support a ruling excusing S.M.M. from the required registration.

While it is true that the statute does not provide specific guidelines for the exercise of the court's discretion, it is clear that this discretion is not unbridled, as suggested by S.M.M. The court is not permitted to decide who initially falls within the requirement of the registration statute. The statute prescribes who is covered by the registration requirements; the only discretion in the court is in deciding who will be excused. That type of discretion is found throughout the juvenile code in the dispositional alternatives available to the court when choices have to be made between more and less onerous alternatives. *See, e.g.,* Iowa Code § 232.52 (1995).

We believe the court's construction of section 692A.2(1) is a reasonable construction and is thus sufficient to uphold the constitutionality of the statute in the face of a vagueness challenge. *See State v. Hunter,* 550 N.W.2d 460, 462 (Iowa 1996). Further, the court properly exercised its discretion in ruling that S.M.M. had failed to rebut the presumption that registration would be required.

## III. *"Released" Under Iowa Code Section 692A.2.*

In the juvenile court's original dispositional order, it ordered S.M.M.'s care and custody to remain with his parents subject to probationary supervision by the district juvenile court services department. Specific probationary terms were imposed, including participation in and successful completion of an outpatient sexual offender's evaluation, compliance with treatment recommendations, and completion of eighty hours of community service. This order was reaffirmed in a subsequent order of April 23, 1995. At no time was he ordered to be incarcerated.

Iowa Code section 692A.2(1) provides:

> A person who has been convicted of either a criminal offense against a minor, sexual exploitation, or a sexually violent offense shall register as provided in this chapter for a period of ten years commencing from the date of *placement on probation, parole, work release, or other release from custody.* A person is not required to register while incarcerated.

(Emphasis added.)

■ S.M.M. argues that he was not "released" for purposes of this section. Although he had been adjudicated as a delinquent for an offense covered by chapter 692A, he had never been "plac[ed] on probation, parole [or] work release." Further, according to his argument, because he had never been placed in custody except with his parents he could not be considered to have been "released from custody."

In rejecting that argument, the juvenile court noted that "release" is not defined in the statute, but that the purpose of the statute was

> to place ... law enforcement in a position of knowing the residence of those previously convicted of sex offenses, whether such person was released from incarceration by reason of probation, parole, work release or other release from custody, *or for which incarceration did not take place.*

(Emphasis added.)

The juvenile court concluded that release under section 692A.2(1) means a release of a

minor from the jurisdiction of the juvenile court or release from custody of his parents. We agree that S.M.M. was released for purposes of this section, but for a different reason.

The purpose of chapter 692A is clear: to require registration of sex offenders and thereby protect society from those who because of probation, parole, or other release are given access to members of the public. This, we believe, is the sense in which "release" is used in section 692A.2(1); it is simply the antithesis of incarceration.

This construction of section 692A.2(1) is further supported by the wording of section 692A.3(1), which requires registration by nonincarcerated offenders, even those who have never been "released" from custody. It provides:

> A person required to register under this chapter shall register with the sheriff of the county of the person's residence within ten days of establishment of residence in this state *or within ten days of any conviction for which the person is not incarcerated,* a release from custody, or placement on probation, parole, or work release.

(Emphasis added.)

We hold that, when a juvenile is found to be delinquent for an offense covered by section 692A.1, and the original or any subsequent dispositional order allows the juvenile to avoid physical confinement, as in this case, he is "released" for purposes of section 692A.2(1) upon the entry of the dispositional order.

We agree with the juvenile court that S.M.M. was "released" within the meaning of section 692A.2(1) and affirm the order requiring him to register.

**AFFIRMED.**