In the Interest of B.A., Minor Child,
B.A., Minor Child, Appellant.

No. 06–0336.

Court of Appeals of Iowa.

June 13, 2007.

Gerald B. Feuerhelm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, John P. Sarcone, County Attorney, and Michelle Chenowith, Assistant County Attorney, for appellee.

Heard by MAHAN, P.J., and EISENHAUER and BAKER, JJ.

EISENHAUER, J.

B.A., a minor child, appeals from a juvenile court's ruling denying his request to be removed from the sex offender registry pursuant to Iowa Code section 692A.2(4) (2005). We reverse and remand.

## BACKGROUND FACTS AND PROCEEDINGS.

B.A. was born on November 28, 1987. On March 18, 2002, the juvenile court adjudicated B.A. to have committed three delinquent acts of sexual abuse in the second degree. B.A. was placed in the custody of Juvenile Court Services and entered a residential treatment program for sexual offenders. On April 17, 2003, B.A. successfully completed his residential sex offender treatment and the juvenile court granted his request to be placed in his mother's legal custody under terms of probation. B.A. registered on the sex offender registry upon his release.

On January 9, 2004, B.A. filed a motion requesting his name be removed from the sex offender registry. A hearing was held on June 6, 2005. On July 7, 2005, the juvenile court issued an order denying B.A.'s motion. The order provided that the matter should continue under the juvenile court's jurisdiction and the issue of sex offender registry would be revisited at the next review hearing if requested by the

child. B.A. requested the issue to be reconsidered, and another review hearing was scheduled for November 21, 2005, one week before B.A.'s eighteenth birthday. B.A.'s counsel requested a continuance to allow him time for preparation of a transcript of the June 2005 hearing. The hearing was rescheduled and held on January 12, 2006. At this time, B.A. had turned eighteen. The juvenile court did not make a finding regarding whether it had continuing jurisdiction over this matter.

B.A. testified at the January 2006 hearing and presented a new report from his therapist. The report stated Juvenile Sex Offender Assessment (J–SOAP II) placed B.A. at low risk to reoffend. On January 20, 2006, the juvenile court issued an order denying B.A.'s request. In the order the judge stated, "I will not disturb that [July, 2005] decision for two reasons. First and foremost the question has been reviewed once and I believe one review is all that is required. Second, there has not been a substantial change in circumstances." B.A. appeals.

## ISSUE I: CONSTRUCTION OF STATUTE.

■ In general, our standard of review for juvenile cases is de novo. *In re G.J.A.*, 547 N.W.2d 3, 5 (Iowa 1996). However, this issue requires our construction of statutory language, and our standard of review is for correction of errors of law. *Id.*

■ Iowa Code section 692A.2(4) grants juvenile court the jurisdiction to review a child's placement on the Iowa Sex Offender Registry. There is a presumption that the child should be required to register. *In re S.M.M.*, 558 N.W.2d 405, 407 (Iowa 1997). The child bears the burden to rebut that presumption. *Id.*

■ B.A. first argues the juvenile court erred in finding that a juvenile should only be given one opportunity to seek removal from the sex offender registry. The State concedes this argument. We also find the juvenile court erred on this issue. The statute does not put a limit on the number of times the court may review the issue of registration requirement. The issue may be revisited upon the child's application.

■■ B.A. then argues the court erred in denying his request on the basis of lack of substantial change in circumstances because the statute does not require the presence of such a change. We agree. When the court considers whether the child should not be required to register, the ultimate question is whether the child meets the burden of proof by a preponderance of evidence. The juvenile court's ruling on July 7, 2005, indicated the evidence was not sufficient to establish by a preponderance that B.A. should be removed from the registry. When the issue was revisited in January 2006 the court should have considered whether the facts would support a different conclusion by a preponderance of the evidence. The facts need not constitute a substantial change in circumstances. The juvenile court applied the wrong standard in making its decision.

## ISSUE II: JUVENILE COURT'S DENIAL OF B.A.'S REMOVAL REQUEST.

■ A juvenile court's decision as to sex offender registry requirement, like all juvenile proceedings, is reviewed de novo. *In re J.D.F.*, 553 N.W.2d 585, 587 (Iowa 1996). However, where the legislature has built into a statute the element of the juvenile court's discretion, the appellate court applies a de novo review "to the extent of examining all the evidence to determine whether the court abused its discretion." *In re Matzen*, 305 N.W.2d 479, 482 (Iowa 1981). We will find an abuse of discretion where the juvenile court's decision rests on grounds clearly

untenable or to an extent clearly unreasonable. *State v. Laffey,* 600 N.W.2d 57, 62 (Iowa 1999).

As a preliminary issue, we must first decide whether the juvenile court had jurisdiction over the matter at the time of the January 2006 hearing. B.A. turned eighteen two months before the hearing was held. Iowa Code section 232.53(2) provides that "all dispositional orders entered prior to the child attaining the age of seventeen shall automatically terminate when the child becomes eighteen years of age." According to this provision, when the hearing was held the juvenile court's jurisdiction over the child and the underlying adjudication had terminated. The question remains whether the juvenile court had continuing jurisdiction over the issue of sex offender registry requirement. We find it did. The juvenile court retains jurisdiction on certain matters even after the child attains the age of majority. For example, the juvenile court has authority to order a juvenile's case records to be kept confidential even if the person has been discharged from the jurisdiction of the juvenile court due to reaching the age of eighteen. *See* Iowa Code § 232.149A. It also has continuing jurisdiction to seal records after a case has terminated. *See* Iowa Code § 232.150. Iowa Code section 692A.2(4) (2005) grants the juvenile court a similar continuing jurisdiction. It states in relevant part:

> A person who is convicted, as defined in section 692A.1, of a criminal offense against a minor, sexual exploitation, a sexually violent offense, or an other relevant offense as a result of adjudication of delinquency in juvenile court shall be required to register as required in this chapter unless the juvenile court finds that the person should not be required to register under this chapter.

Significantly the code uses the word person as opposed to child or juvenile. We conclude the statute, by its plain language, grants the juvenile court the authority to review the registration requirement as long as the person remains on the registry.

We now consider whether the juvenile court abused its discretion by denying B.A.'s motion. In determining the issue, certain factors should be considered, including (1) the nature of the offenses; (2) the status of the victims; (3) B.A's status, attitude, and ability to obey rules as well as his safety plan and his attitude toward following it; (4) clinical judgment; and (5) assessment tools.

When the court considered B.A.'s removal request in 2005, it recognized that B.A. was remorseful concerning the offenses, he was willing and making efforts to rehabilitate himself, and he was making considerable progress toward rehabilitation. However, the court rejected his request because the court found there was still an unquantifiable but real risk that the child would reoffend. The court specified some of the concerns, including (a) B.A. had subsequent instances of misbehavior, including being fired from his employment for his role in certain thefts from his employer and having his driver's license suspended or revoked; (b) B.A. might have made threats of physical harm to his victims which, if true, would be a circumstance that he had never addressed in his treatment; and (c) B.A. still needed treatment every two to three months.

When the matter was revisited in January 2006, B.A. provided an update as to his personal circumstances since the June 2005 hearing. B.A. had maintained new employment at a hotel for about five months. He had straightened out his speeding tickets and had a valid driver's license. He was a volunteer in Circle of Friends, doing activities with mentally

challenged students. He was getting along well with his mother, and his relationship with his father was improving. However, the juvenile court then made no findings of fact but concluded it was bound by the order of July 7, 2005. Having decided the court was wrong in its conclusion, we are presented with no findings to review for abuse of discretion. We remand the case for a hearing consistent with this opinion.

**REVERSED AND REMANDED.**