# IN THE COURT OF APPEALS OF IOWA

No. 24-1330
Filed December 17, 2025

**COURTNEY CORTEZ CHESTNUT,**
        Petitioner-Appellee,

**vs.**

**IOWA DEPARTMENT OF PUBLIC SAFETY, DIVISION OF CRIMINAL INVESTIGATION, SEX OFFENDER REGISTRY,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        The Iowa Department of Public Safety appeals from the district court's ruling finding extension of an offender's sex-offender-registration requirement unconstitutional. **REVERSED AND REMANDED.**


        Brenna Bird, Attorney General, Chad D. Brakhahn (argued) and John R. Lundquist, Assistant Attorneys General, for appellant.

        Scott A. Michels (argued) of Gourley, Rehkemper & Lindholm PLC, West Des Moines, for appellee.


        Heard at oral argument by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

This appeal calls on us to decide whether amendments to Iowa Code chapter 692A—Iowa's sex-offender-registration (SOR) chapter—apply to extend the registration period for an offender who is later convicted of registration violations. We start with some history of the offender and Iowa's SOR statutes.

In 1994, when he was a juvenile, Courtney Chestnut committed second-degree sexual abuse against a minor. After Chestnut committed the offense, but before he was adjudicated delinquent for it, the legislature enacted an SOR statute. *See* 1995 Iowa Acts ch. 146, § 2 (codified at Iowa Code § 692A.2 (Supp. 1995)) (requiring persons convicted of certain offenses to register as a sex offender). The statute required juveniles adjudicated delinquent for sex offenses against a minor to register as sex offenders. *See* Iowa Code § 692A.2(1) (Supp. 1995) (requiring a "person who has been convicted of . . . a criminal offense against a minor" to "register as provided in this chapter"); *id.* § 692A.1(1) (defining "convicted" to include being adjudicated delinquent for a sex offense against a minor). It also expressly applied retroactively to offenses committed before its enactment. 1995 Iowa Acts ch. 146, § 17. The statute required registration for ten years starting on the date the individual required to register was released from custody. Iowa Code § 692A.2(1) (Supp. 1995). Chestnut was released from juvenile custody in 2001, so his initial registration period ran until 2011.

In 2005, the legislature amended the SOR statute to add a provision extending an offender's registration period for ten years beyond the date it was supposed to expire if the offender was convicted of failing to comply with registration requirements. 2005 Iowa Acts ch. 158, § 22 (codified at Iowa Code

§ 692A.2(4) (Supp. 2005)).  Chestnut was convicted of violating the registration requirements multiple times, so his time for registration was extended beyond 2011.

In 2009, the legislature amended chapter 692A again to conform with the Federal Sex Offender Registration and Notification Act.  *In re T.H.*, 913 N.W.2d 578, 588 (Iowa 2018); *see generally* 2009 Iowa Acts ch. 119 (amending Iowa Code chapter 692A).  The amended statute expressly applied retroactively to offenders required to register for crimes committed before the effective date of the amendment.  *See* Iowa Code § 692A.125(2)(a) (Supp. 2009) (making the amended registration requirements retroactively applicable to "[a]ny sex offender including a juvenile offender who is required to be on the sex offender registry as of June 30, 2009").

One change made by the 2009 amendments was to require lifetime registration for individuals who committed second-degree sexual abuse.  *See id.* § 692A.106(4) (requiring lifetime registration for those convicted of an "aggravated offense"); *id.* § 692A.101(1)(a)(2) (defining "aggravated offense" to include sexual abuse in the second degree).  Based on those amendments, Chestnut's delinquency adjudication required him to register for life.

But in 2018, the supreme court decided *T.H.* and determined the 2009 amendments to chapter 692A made the registration requirements punitive as applied to juveniles.  913 N.W.2d at 596.  After *T.H.* was decided, Chestnut applied to the Iowa Department of Public Safety, asking it to determine whether he was still required to register.  *See* Iowa Code § 692A.116(1) (2020) (permitting an offender to request that "the department determine whether the offense for which

the offender has been convicted requires the offender to register under this chapter or whether the period of time during which the offender is required to register under this chapter has expired").[1]  Chestnut argued that, because *T.H.* found the 2009 amendments to chapter 692A punitive as applied to juveniles, the amendments requiring him to register for life violated the ex post facto clauses of the state and federal constitutions.[2]  The department agreed, in part.  The department determined Chestnut was not required to register for life, but it found Chestnut was still required to register until November 2046 due to his prior convictions for registration violations that extended his registration requirement.[3]  Chestnut sought judicial review, again claiming the extensions were punitive and therefore violated ex post facto clauses of both constitutions based on the holding in *T.H.*  The district court agreed and determined that Chestnut is no longer required to register.  The State appeals.

I.    **The Issues**

The State argues the extensions of Chestnut's registration period do not constitute ex post facto violations because they are not additional punishments for

---

[1] Chestnut submitted a similar request in 2017—before *T.H.* was decided.  At that time, the department determined Chestnut was required to register for life.  That determination is not before us on this appeal.

[2] "The ex post facto clauses of the federal and state constitutions forbid enactment of laws that impose punishment for an act that was not punishable when committed or that increases the quantum of punishment provided for the crime when it was committed."  *State v. Aschbrenner*, 926 N.W.2d 240, 247 (Iowa 2019) (cleaned up).

[3] The record does not include the number and date of Chestnut's registration-violation convictions.  But at oral argument, the parties agreed that Chestnut had three convictions—one with an offense date in January 2008, one with an offense date in April 2010, and one with an offense date in July 2012.

Chestnut's original sex offense.  Instead, the State contends, the extensions are consequences for subsequent criminal conduct.[4]

Chestnut argues that the district court's ruling was correct and should be affirmed.  He argues in the alternative that, if we conclude the extensions do not constitute ex post facto violations, we should affirm on the ground that he should not have been required to register at all because chapter 692A was not in effect when he committed the delinquent act.[5]

## II.     Standard of Review

Our standard of review for rulings on constitutional challenges to a sex-offender-registration statute is de novo.  *Aschbrenner*, 926 N.W.2d at 245–46.  We presume statutes are constitutional, and the party claiming otherwise bears the burden of proof.  *Id.* at 246.  If a statute is capable of multiple constructions, we must construe it in the manner that makes the statute constitutional.  *Id.*

## III.    Original Registration Requirement

We start by addressing Chestnut's alternative argument for affirming the district court.  Chestnut argues that he has never been required to register as a sex offender because the SOR requirement was enacted after he committed his offense, so it is an ex post facto violation to have ever required him to register.

---

[4] The State also contends *T.H.* was wrongly decided and should be overturned. Because we lack authority to overturn supreme court precedent, we do not address that issue.  *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

[5] Error is preserved on this claim even though the district court ruled against Chestnut on this issue and he did not cross-appeal.  This is because Chestnut was the prevailing party.  A prevailing "party need not cross-appeal to preserve error on a ground urged but ignored or rejected" by the district court.  *In re M.W.*, 876 N.W.2d 212, 221 (Iowa 2016) (quoting *EnviroGas, L.P. v. Cedar Rapids/Linn Cnty. Solid Waste Agency*, 641 N.W.2d 776, 781 (Iowa 2002)).

The district court rejected this argument, relying on two supreme court cases: (1) *In re S.M.M.*, 558 N.W.2d 405, 408 (Iowa 1997); and (2) *State v. Seering*, 701 N.W.2d 655, 668–69 (Iowa 2005), *superseded by statute on other grounds*, 2009 Iowa Acts ch. 119, § 3 (codified at Iowa Code § 692A.103 (Supp. 2009)). We agree with the district court. *S.M.M.* involved a similar fact pattern. In that case, like here, the juvenile committed the delinquent act of second-degree sexual abuse in 1994 before the enactment of the SOR statute. *S.M.M.*, 558 N.W.2d at 406. The supreme court rejected the juvenile's ex post facto challenge, determining that chapter 692A, as enacted in 1995, was regulatory or remedial, not punitive, so it "is therefore not ex post facto when applied retroactively." *Id.* This is controlling precedent as it relates to the 1995 version of chapter 692A, and we are obligated to follow it. *See Beck*, 854 N.W.2d at 64 (noting that the court of appeals cannot overrule controlling supreme court precedent).

We are not persuaded by Chestnut's claim that *T.H.* overruled *S.M.M.* As a start, *T.H.* does not say it is overruling *S.M.M.* Further, as we read *T.H.*, it is the 2009 amendments to chapter 692A that the supreme court found punitive as applied to a juvenile, not the original 1995 registration requirements. 913 N.W.2d at 587–88. So, though *T.H.* declares chapter 692A's registration requirements to be punitive as applied to juveniles after the 2009 amendments, *id.* at 596, we conclude that *S.M.M.* declares that the 1995 version of the SOR requirements do not violate ex post facto protections, 558 N.W.2d at 406. As such, Chestnut was required to register when adjudicated delinquent in 1995.

## IV.  Extensions of Registration Requirements

The heart of the dispute in this case is whether the extensions of Chestnut's registration requirements due to his convictions for violating SOR requirements as an adult violate the ex post facto clauses of either constitution.

We begin by determining whether the extensions were retrospectively applied.  A law is retrospective when it applies to events occurring before its enactment.  *State v. Iowa Dist. Ct.*, 759 N.W.2d 793, 797 (Iowa 2009); *Weaver v. Graham*, 450 U.S. 24, 29 (1981).  In making this determination "[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date."  *Iowa Dist. Ct.*, 759 N.W.2d at 797–98 (alteration in original) (quoting *Weaver*, 450 U.S. at 31).

As discussed above, we have rejected Chestnut's claim that he was never required to register.  With that issue resolved, there is no dispute that Chestnut was required to register until 2011—ten years after his registration requirement began—due to his initial delinquency adjudication.  But when he was first required to register, chapter 692A did not include a provision for extending the registration period if convicted of violating the registration requirements.  The ten-year extension period for violations was added as part of the 2005 amendments.  Chestnut contends this added a legal consequence to his 1995 delinquency adjudication, which the ex post facto clauses prohibit.  The State counters that, since the provision imposing a ten-year extension of the registration requirements became effective before Chestnut committed his registration-violation crimes, the extension is a consequence of his new crimes, not a consequence of his original delinquency adjudication, so there is no ex post facto violation.

Several cases inform our analysis on this issue. In *Seering*, the defendant was required to register as a sex offender based on his conduct in 2000. 701 N.W.2d at 659. He was released from custody and required to register as a sex offender in 2002. *Id.* An amendment to the statute effective in 2003 precluded those required to register from living within two thousand feet of an elementary or secondary school or childcare facility. *See id.*; 2002 Iowa Acts ch. 1157, § 3 (codified at Iowa Code 692A.2A(2) (2003)). Shortly thereafter, Seering was charged with violating this restriction and challenged its application to him as a violation of ex post facto provisions. *Seering*, 701 N.W.2d at 660. Although the court determined ex post facto protections did not apply because the restriction was not criminal or punitive, it also noted the law was not retroactively applied and did not increase the punishment for his underlying sex offense. *Id.* at 668. When analyzing whether the two-thousand-foot restriction applied retroactively the court stated:

> An offender such as Seering does not face punishment under the statute simply because he is a convicted offender. Instead, punishment may come based only on a violation of the statute. While this punishment is based at least partially on the offender's status as an offender, the status itself is not the impetus for punishment, nor is the punishment based on the prior offense.

*Id.* In the court's analysis regarding whether the punishment was more onerous, it reasoned that "[w]hile Seering's prior offenses may serve as a factual basis for application of the statute, it is the violation of the residency restriction statute itself that makes him subject to a new punishment." *Id.* at 669. Therefore, the court determined it did not increase the punishment for a past offense in violation of ex post facto provisions. *Id.*

In *State v. Swartz*, the court considered whether a statute preventing felons from owning firearms violated ex post facto protections as applied to those whose felonies were committed before the statute was passed. 601 N.W.2d 348, 350 (Iowa 1999), *overruled on other grounds by State v. Davis*, 944 N.W.2d 641, 646–47 (Iowa 2020). The court determined the law did not violate ex post facto protections because when the "actual crime for which a defendant is being sentenced occurred after the effective date of the new statute, there is no ex post facto violation." *Id.* (citation omitted). Other cases have applied the same reasoning in other contexts as well. *See State v. Stoen*, 596 N.W.2d 504, 507–08 (Iowa 1999) (finding an amendment that extended the look-back period for subsequent operating-while-intoxicated convictions did not violate ex post facto protections because the most recent offense occurred after the statute was enacted); *State v. Grimes*, No. 12-0675, 2012 WL 5601848, at *3 (Iowa Ct. App. Nov. 15, 2012) (finding a law precluding those convicted of domestic violence from owning a firearm did not violate ex post facto provisions even though the law was enacted after the conduct leading to the domestic violence conviction occurred because the defendant still possessed firearms after the law was enacted).

Chestnut's situation is the same as that of the defendants in the cases outlined above. Like them, Chestnut's conviction stemmed from a status obtained based on conduct before the law supporting the conviction was enacted. *See Seering*, 701 N.W.2d at 659–60; *Swartz*, 601 N.W.2d at 350; *Stoen*, 596 N.W.2d at 507–08; *Grimes*, 2012 WL 5601848, at *1. Also like the defendants in those cases, Chestnut violated the statute after it took effect. *See Seering*, 701 N.W.2d at 668–69; *Swartz*, 601 N.W.2d at 350; *Stoen*, 596 N.W.2d at 507–08; *Grimes*,

2012 WL 5601848, at *3. Based on the same reasoning applied in those cases, we conclude the ten-year extensions to Chestnut's registration requirement are consequences of his subsequent criminal conduct as an adult and not consequences of his original delinquency adjudication. As a result, no ex post facto violation occurred by extending Chestnut's registration period. The district court erred in concluding otherwise.

## V.  Conclusion

Chestnut was required to register as a sex offender based on his 1994 delinquent offense of sexual abuse in the second degree even though the SOR statute was not enacted until 1995. The subsequent extensions to Chestnut's registration period do not violate the ex post facto clauses of the U.S. Constitution or the Iowa Constitution. The extensions resulted from criminal conduct by Chestnut as an adult after the law allowing for those extensions was passed, so they do not retroactively increase the punishment for his underlying offense. Accordingly, we reverse the district court's decision to the contrary and remand for entry of an order dismissing Chestnut's petition for judicial review.

**REVERSED AND REMANDED.**